380 So.2d 35 (1980)
Yahya Zakaria ABDELBAKI and
Iptessam Refaat Abdelbaki
v.
UNIVERSITY PRESBYTERIAN CHURCH.
No. 65356.
Supreme Court of Louisiana.
January 28, 1980.
Rehearings Denied March 3, 1980.
*36 Arthur Cobb, Arthur Cobb, Ltd., A Law Corp., Baton Rouge, for plaintiffs-applicants.
Ralph Brewer, Michael W. McKay, Baton Rouge, for defendant-respondent.
MARCUS, Justice.
On December 1, 1975, plaintiffs, Mr. and Mrs. Abdelbaki, purchased a large, forty-year-old residence, located at 3000 Dalrymple Drive in Baton Rouge, Louisiana, from defendant, University Presbyterian Church, for the price of $95,000. Plaintiffs financed $71,000 with Union Federal Savings & Loan Association and gave defendant a $24,000 promissory note bearing interest at the rate of ten percent per annum, secured by a second mortgage, for the remainder of the purchase price. When plaintiffs began renovation of the house shortly after they moved in, they discovered extensive hidden termite damage.
Plaintiffs instituted this action against defendant to rescind the sale of the residence based on the aforesaid termite damage. Plaintiffs also sought damages. Defendant answered, denying the termite damage was of sufficient magnitude to warrant rescission of the sale and reconvened for the principal and interest due on the second mortgage note.
The trial court rendered judgment in favor of plaintiffs and against defendant finding the termite damage to be a redhibitory defect; the sale was rescinded, but no damages were allowed. On the reconventional demand, the court ordered plaintiffs to pay defendant interest at the rate of ten percent per annum on the $24,000 promissory note from December 1, 1975 (date of sale) until the property was returned to defendant; the interest ($200 per month) would serve as compensation for plaintiffs' use of the premises during that period. Plaintiffs appealed and defendant answered the appeal. The court of appeal affirmed. Both parties applied to this court for writs. *37 We denied the application of defendant[1] but granted plaintiffs' application[2] to consider the claim that the courts below failed to require defendant "to pay interest for the `use' of the $71,000" received at the sale and to reimburse plaintiffs for other expenses occasioned by the sale as well as those incurred for preservation of the premises as required by La.Civ.Code art. 2531. Additionally, plaintiffs claim, in brief to this court, that, since defendant knew of the defect in the premises, it should also be required to pay reasonable attorneys' fees and be answerable to them in damages as provided for in La.Civ. Code art. 2545. Plaintiffs alternatively seek a reduction in the purchase price.
A seller impliedly warrants that the object sold is fit for the purpose intended and is free of hidden defects. La.Civ. Code arts. 2475, 2476. A redhibitory defect which would entitle a buyer to rescind a sale is a "defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." Id. art. 2520. In addition, the defect in the object must have existed before the sale and must not have been apparent by "simple" inspection. Id. arts. 2521, 2530. A buyer may also demand a reduction of the purchase price, rather than the rescission of the sale, "when the quality, which the thing sold has been declared to possess and which it is found to want, is not of such importance as to induce [the buyer] to demand a redhibition." Id. art. 2542. Article 2543 allows the judge to reduce the purchase price rather than rescind the sale in a redhibition action.
The reimbursement to which the buyer is entitled depends upon whether or not the seller knew of the defect in the object sold. Article 2531 provides in pertinent part:
The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
Article 2545 provides:
The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of [the] price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages.
The record reveals considerable evidence of extensive old termite infestation, but no active infestation. The termite damage was discovered when plaintiffs removed the existing carpeting on the floors and when sheetrock on one of the bedroom walls was removed. Termites had attacked wooden studs between the walls and had damaged wooden floors to the point where holes existed in the floors of several rooms. A structural engineer testified that extensive removal of walls and floors would be required in order to ascertain the total extent of the termite damage; estimated costs to search for and repair any damage ranged from $10,000 to $30,000. The trial judge inspected the premises and in his written reasons for judgment stated: "Inspection revealed that substantial old termite damage was present in the residence."
The trial court found, and we agree, that plaintiffs could not have known the property was extensively damaged by termites. The damage was not apparent nor was it discoverable by simple inspection, being hidden behind the walls and baseboards and beneath carpeting covering the floors. We also agree that the termite damage was of such magnitude that plaintiffs could demand rescission of the sale; the defects were such that, if plaintiffs had known of their existence, they would not have purchased the home. Accordingly, the sale was correctly rescinded. Having reached this conclusion, we need not consider plaintiffs' *38 alternative demand for reduction of the purchase price.
We also concur in the trial court's finding that defendant was in good faith, having no knowledge of the extensive hidden termite damage. Hence, art. 2545 is inapplicable and plaintiffs' demands for damages and attorneys' fees were properly rejected.
When a sale is rescinded, and the seller was in good faith, the purchaser should be restored, as much as possible, to the condition he enjoyed prior to the sale; the buyer returns the property to the seller and the seller returns the purchase price and reimburses the buyer with reasonable expenses occasioned by the sale as well as those incurred for the preservation of the property. La.Civ. Code art. 2531. Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978).
In the instant case, defendant is obligated to return the entire purchase price ($95,000). This includes the $71,000 cash received by it at the time of the sale as well as the cancellation of the $24,000 second mortgage note given by plaintiffs to defendant at that time for the balance of the purchase price. Among the expenses occasioned by the sale to be reimbursed by defendant are closing costs, costs of loan appraisal and all homestead charges, such as interest, taxes and insurance.[3] Because plaintiffs will be obligated to cause the mortgage which now encumbers the property in favor of Union Federal Savings & Loan Association for $71,000 (first mortgage loan made by plaintiffs to finance the cash portion of the purchase price) to be cancelled, defendant must also reimburse plaintiffs for any expenses of releasing the mortgage, such as penalties charged by the mortgagee for early termination of the loan. Also, all costs of reconveyance of the property by plaintiffs to defendant should be borne by defendant. Plaintiffs are further entitled to reimbursement of any expenses incurred for the preservation of the property.
The trial court failed to determine most of the expenses which defendant must reimburse plaintiffs; the judgment was confined to interest plaintiffs failed to pay on the $24,000 promissory note held by defendant. The court directed plaintiffs to pay interest owing on this note ($200 per month) as compensation for their use of the house. Treating plaintiffs' contention that the courts below failed to require defendant "to pay interest for the `use' of the $71,000" received at the sale as a claim to require defendant to reimburse plaintiffs for the interest paid on the $71,000 loan made by them with the savings and loan association to finance the cash portion of the purchase price, we find no merit in the contention based on the following facts.
Plaintiffs were obligated to pay interest on two separate mortgage notes. Plaintiffs' monthly payment on the note held by the savings and loan association was $571.45 but the record does not reveal what portion of this amount was for interest. Accordingly, we will assume for our purposes that $550 of the monthly payment was for interest. Plaintiffs were also obligated to pay defendant $200 per month as interest on the $24,000 second mortgage note. Hence, the total interest on the two loans to finance the purchase price was $750 per month, an expense of the sale to which plaintiffs are entitled to be reimbursed. However, art. 2531 provides that expenses occasioned by the sale are subject to a credit for the value of "any fruits or use" which the purchaser has drawn from the property. In this case, plaintiffs received two valuable benefits from the property. First, the property included a smaller three-bedroom house adjoining the garage of the main residence. Plaintiffs rented this house to students for $350 per month. Crediting the $750 monthly interest expense with this income, there remains a balance of $400 for which plaintiffs would be entitled to be reimbursed. However, we feel that plaintiffs' use of the *39 large four-bedroom main house, together with other benefits of ownership, even though diminished by inconveniences incurred because of the defective nature of the premises, is worth $400 per month. Hence, plaintiffs' claim for interest expense as an expense occasioned by the sale is cancelled out by the credit for the value of the "fruits and use" which they received from the property. Therefore, we affirm the trial court's finding that plaintiffs must pay defendant the $200 per month interest owed on the $24,000 second mortgage note.
However, we find that the trial judge did err in failing to order reimbursement to plaintiffs of other reasonable expenses occasioned by the sale as well as those incurred for the preservation of the property. The exact amount of these expenses are not reflected in the record. Hence, the case must be remanded to the trial court for a hearing to determine the amount of these expenses.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed in part and reversed in part and the case is remanded to the trial court for further proceedings in accordance with the views herein expressed.
BLANCHE, J. recused.
NOTES
[1] 375 So.2d 952 (La.1979).
[2] 375 So.2d 948 (La.1979).
[3] See Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978); Bernofsky v. Schwartz, 370 So.2d 590 (La.App.4th Cir. 1979).