396 So.2d 444 (1981)
Roger Wayne SMITH
v.
Daniel E. BECNEL, Jr.
No. 11669.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1981.
*445 J. Courtney Wilson, New Orleans, for plaintiff-appellant.
Edward J. Rice, Jr., and Philip O. Bergeron, Adams & Reese, New Orleans, for defendant-appellee.
Before SAMUEL, SCHOTT and GARRISON, JJ.
SCHOTT, Judge.
This appeal is from a summary judgment dismissing plaintiff's legal malpractice claim against defendant. The issue is whether the pleadings and affidavits are sufficient under LSA C.C.P. Art. 966 to support the judgment as a matter of law.
Plaintiff alleged: He was injured in July, 1977, while employed by Cajun Insulation, Inc. to do work on Union Carbide's plant. He retained defendant "to represent him in connection with the injury" and in October, 1977, defendant filed a workers' compensation suit against Cajun. However, plaintiff had a cause of action in tort against Union Carbide and a malpractice case against "the company doctor" who treated plaintiff shortly after the accident which causes of action were both lost because of defendant's failure to sue.
Defendant's motion for summary judgment was supported by his own affidavit and that of Cajun's president. In his affidavit defendant stated the following: In August, 1977, plaintiff sought his services with respect to the accident and informed defendant that he was employed by Cajun as a spray-painter sand-blaster at Union Carbide's plant. He supplied defendant with his salary figures and the name of his supervisor, and he said the accident occurred when a worker handed him a piece of wire which went into his eye. Defendant's affidavit then concludes as follows:
"That at the August 8, 1977 conference, Plaintiff specifically told him to recover workmen's compensation benefits on his behalf from Cajun Insulation Co., Inc. That at no time did Plaintiff request that he initiate tort proceedings against Union Carbide Corporation or against Cajun Insulation Co.'s retained physician."
The affidavit of Cajun's president states that plaintiff was Cajun's employee and not Union Carbide's; at the time of the accident Cajun was contractually obliged to Union Carbide to perform certain maintenance, repair and construction services at Union Carbide's plant; and the work being performed by plaintiff when he was injured was required of Cajun by its contract with Union Carbide, "said work being in furtherance of the general business, trade and occupation of Union Carbide."
In his reasons for judgment, the trial judge, after noting that defendant had filed in plaintiff's behalf a workmen's compensation suit against Cajun which was compromised and settled,[1] stated that plaintiff's only remedy at law was in workmen's compensation so that there was no malpractice on defendant's part in failing to sue Union Carbide "and/or `The Company Doctor.'"
In this court defendant contends first that the affidavit of Cajun's president was sufficient to establish that plaintiff was the statutory employee of Union Carbide so that his exclusive remedy was in workmen's compensation. LSA R.S. 23:1032 and 1061.
In Davis v. Copeland Enterprises, Inc., 390 So.2d 891 (La.1980), a summary judgment had been granted dismissing plaintiff's tort action against Copeland on the ground that Copeland was Davis's statutory employer. The motion for summary judgment was based on the affidavit of Copeland's vice president that the maintenance *446 of refrigeration equipment which was contracted to Davis's immediate employer was part of Copeland's business. In setting aside the summary judgment the court said:
"We deem Kimball's affidavit inadequate in that it does not specify with certainty either the nature of Kimball's connection with Copeland at the time of the accident or the precise nature of Copeland's business at that crucial time. It does not sufficiently reflect facts which would constitute Copeland as a principal or statutory employer at the time of the accident."
The affidavit by Cajun's president in the instant case is even less effective since it is his conclusion as to Union Carbide's trade, business or occupation and it establishes no specific facts to support such a conclusion.
As to defendant's failure to file a medical malpractice claim for plaintiff, defendant contends that his own affidavit establishes that he was given no indication of such a claim at the time of his retention as plaintiff's attorney and notice of such a claim did not take place until after the claim prescribed. Defendant also contends that "the company doctor" was immune to a tort action by virtue of R.S. 23:1032.
Starting with the second contention, the affidavits and pleadings do not establish that this doctor was an employee of Union Carbide. Plaintiff's allegation that "the company doctor" committed malpractice in no way precludes the possibility that this was an independent doctor to whom plaintiff was referred by Cajun or Union Carbide.
Finally, defendant's other contention that there was no indication to him of the medical malpractice claim until after the claim prescribed brings under scrutiny his affidavit and the question of its sufficiency for purposes of a summary judgment. In summary, defendant says plaintiff gave him the essential facts and told him to file a workmen's compensation claim against Cajun but he didn't tell him to file a tort suit against Union Carbide or the physician. On the other hand, plaintiff's petition alleges:
"When asked by petitioner whether suit could be filed against Union Carbide, defendant stated that no cause of action existed because the law had recently been changed."
We thus have a clear cut issue of fact on what was said between the parties concerning a suit against Union Carbide. But what is even more important is the question of whether the defendant's affidavit leaves at issue facts which relate to the duty owed plaintiff by defendant.
EC 7-8 of the Code of Professional Responsibility places the responsibility on the lawyer to "exert his best efforts to insure decisions of his client are made only after the client has been informed of relevant considerations. It further provides: "A lawyer ought to initiate this decision-making process if the client does not do so." EC 7-11 provides that the lawyer's responsibilities "vary according to the intelligence, experience, mental condition or age of a client ... or the nature of a particular proceeding."
Standing alone, these brief references seem to preclude a summary judgment of dismissal of plaintiff's malpractice action. Nothing in defendant's affidavit establishes that he complied with these requirements when plaintiff consulted him. On the contrary, defendant says he simply followed plaintiff's instructions. It seems clear that defendant was required to interview plaintiff in an attempt to learn all relevant facts, to consider the possibility of causes of action in addition to workmen's compensation and to advise plaintiff of these possibilities. The amount of time, the degree of investigation, and the extent of explanation necessary would depend on the complexity of the matter and the education and ability of the client to understand the alternatives. From these considerations come many issues of fact not established by the pleadings and affidavits in this case.
Since the presence of genuine issues of material fact precludes the granting of a summary judgment, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiff Roger *447 Wayne Smith and against defendant Daniel E. Becnel, Jr., overruling defendant's motion for summary judgment. All costs of this appeal are taxed against defendant and other costs are to await the outcome of the case. The case is remanded to the trial court.
REVERSED AND REMANDED.
NOTES
[1] This settlement was set aside in Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980).