423 So.2d 754 (1982)
Dr. and Mrs. Philip H. RYE
v.
TERMINIX SERVICE COMPANY, INC. and ABC Insurance Company.
No. 13207.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1982.
*755 Vallerie Oxner of Mmahat, Gagliano, Duffy & Giordano, Metairie, for defendants-appellants.
Floyd J. Reed of Reed & Reed, New Orleans, for plaintiffs and appellees.
Before GARRISON, AUGUSTINE and CIACCIO, JJ.
CIACCIO, Judge.
Plaintiffs-appellees, Dr. and Mrs. Rye, originally brought this action seeking recovery for property damage resulting from termite infestation of their home. Defendant-appellant, Terminix Service Company, Inc., appeals from the trial verdict awarding plaintiffs judgment in the amount of Seven thousand seven hundred thirty-four and 08/100 ($7,734.08) dollars plus legal interest from the date of judicial demand and for all costs. Appellees answered the appeal seeking a modification in the trial court judgment to award an increase in interest and attorney's fees. We affirm.
On November 28, 1975, plaintiffs purchased a house located at 1701 Jefferson *756 Avenue in New Orleans. In February of 1976 the plaintiffs began property preservation measures including termite inspection and warranty.
On February 13, 1976 plaintiffs entered into a subterranean termite agreement with Terminix wherein Terminix agreed to protect plaintiffs' home against invasion and infestation by subterranean termites. Terminix inspected the property and prepared a graph showing the location of active termites and the termite damage to plaintiffs' house. The graph noted "active termites" on the front left side of the house, and termite damage on the middle left side, middle right side and rear of the house. Mrs. Rye testified that the Terminix inspector indicated that the termite damage was not extensive enough to require any repairs.
Terminix treated the property to eradicate termites and issued the "Termite Protection Plan" to Mrs. Rye. The plan provided for annual inspections and treatments, and in the event new termite damage occurred, Terminix would be liable for up to $150,000.00 for repairs.
Terminix inspected the property in 1977, 1978 and 1979. On May 3, 1979, Terminix's "Annual Termite Control Warranty Inspection" revealed "No active termites" and stated "preventative treatment made."
Beginning in March of 1979, the plaintiffs began remodeling. In May of 1979, the general contractor began repairs to the front porch, and it was discovered that termites had destroyed approximately 66 feet of sills supporting the house from the front left side (the area of active termites in 1976), across the front porch, except the center, extending to the right front porch and side of the house.
Evidence produced at trial demonstrated that two nests of active termites were discovered and photographed on June 1, 1979. The plaintiffs' general contractor and his carpenter testified that it was necessary to replace approximately 66 feet of sills, weatherboards, porch decking, fascia board, etc., and to shore up the house in order to accomplish the repairs necessitated by the termite damage. The contractor presented vouchers in support of his bill for $7,734.08.
The trial judge found: "The evidence presented at trial clearly showed that the pest control contractor failed to either eradicate the active termites found in the initial inspection in 1976, or annually thereafter.... the defendant failed to perform properly its obligation under the contract." And concerning the costs of repair: "Although his [Plaintiffs' general contractor] records were not perfect, the Court accepts his testimony as reasonable and credible for the repairs in the sum of $7,734.08."
On appeal Terminix argues that the trial court erred in rendering judgment in favor of plaintiffs because (1) Terminix was not negligent and did not fail to properly perform its obligation under the contract, and (2) the plaintiffs failed to carry their burden of proof as to the extent of the new termite damage and as to the costs of repairing any damage that existed.
The question of whether Terminix properly performed its obligation under the contract, the extent of the new termite damage, and the costs of repairs, are all questions of fact. Higdom v. Orkin Exterminating Company, Inc., 412 So.2d 720 (La. App. 3rd Cir.1982), cert. denied 416 So.2d 117 (La.1982); Maguire v. Masino, 325 So.2d 844 (La.App. 4th Cir.1975). Our jurisprudence is well settled that questions of fact are left to the trier of fact, and his findings should not be disturbed unless they are clearly wrong or manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when the proof, taken as a whole, shows that the fact or causation sought to be proved is more probable than not. Maguire v. Masino, supra. The trial court was not clearly wrong in deciding that the evidence, taken as a whole, indicated that Terminix failed to perform properly its obligations under the contract. At the time of the inspection in February 1976, the Terminix inspector told Mrs. Rye of *757 some active infestation and indicated that any existing damage did not require repair. Three years later, although continually under the Terminix protection plan, active infestation is discovered within a couple of weeks of a Terminix inspection declaring "no active termites" and "preventative treatment made", and the termite damage now required repairs totalling over seven thousand dollars.
Concerning the timing element, if the damage occurred before the issuance of the protection plan, there could be no liability on the part of Terminix for that damage. Although Terminix produced some expert testimony alleging that the termite damage, at issue in this suit, represented many years of infestation suggesting that it existed prior to Terminix's treatment, we find no manifest error on the part of the trial judge in concluding that such damage did not predate the initial Terminix treatment. The trial judge found it significant that upon the initial inspection by Terminix it was noted there was no structural damage under the front of the house nor the front porch. Yet, as mentioned above, three years later this same area of the house needed replacement of 66 feet of sills, weatherboards, porch decking, floor joists, fascia board, etc.
The award of quantum is a factual finding, which should not be disturbed unless it is clearly shown that the trier of fact abused his discretion. Higdon v. Orkin Exterminating Company, Inc., supra; See also: Reck v. Stevens, 373 So.2d 498 (La. 1979) and cases cited therein. The general contractor who performed the repair work produced vouchers at trial to support his costs. The trial court accepted his testimony as reasonable and credible. The trial judge personally questioned him while he was on the witness stand, "Is there any possibility that you added anything else for other work on the house?" To which the witness responded, "If I did anything, I more than likely left something out." The trial judge specifically rejected defendant's contention that the repairs should have cost no more than $2,960.00. In his reasons for judgment the trial judge stated "... Defendant's expert made a single inspection... after repairs were completed. This estimate for repairs was limited to the cost of sill replacement, when it should have included flooring, fascia, joists, etc." Upon close examination of the entire record we do not find that the trial court abused his discretion or was clearly wrong in awarding plaintiffs' $7,734.08 for repairs.
Plaintiffs answered this appeal alleging error by the trial court for not awarding legal interest from July 5, 1979 and for not awarding attorney's fees. The trial court awarded plaintiffs interest from the date of judicial demand. We find, that under the circumstances of this case, the trial court did not abuse his discretion in so awarding interest.
Concerning attorney's fees, it is the well settled jurisprudence of Louisiana that as a general rule attorney's fees are not allowed except where authorized by statute or agreed to by contract. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (La.1970); Rutherford v. Impson, 366 So.2d 944 (La.App. 1st Cir.1979), and cases cited therein; Dane v. Doucet Bros. Construction Co., Inc., 396 So.2d 418 (La.App. 4th Cir. 1981) and cases cited therein. Attorney's fees are not allowable in an action for breach of contract unless there is a specific provision therefor in the contract. Maloney v. Oak Builders, Inc., supra; Rutherford v. Impson, supra. This is because the parties have an opportunity to stipulate in the contract that attorney's fees would be due in the event the contract is breached. The parties having failed to expressly provide an obligation to pay attorney's fees, the law will not imply one.
Plaintiffs argue that attorney's fees are recoverable as damages by an injured party to a contract breached by the other party arbitrarily or capriciously, or through bad faith, lack of good faith or fraud. La. C.C. Arts. 1930 and 1934. Plaintiffs prayed for attorney's fees in the trial court and were not awarded them by the trial judge. We interpret the trial court action as a *758 finding of no bad faith on the part of the defendant. Our review of the entire record convinces us also, that there was no bad faith.
After a careful review of the entire record pursuant to the guidelines for appellate review of facts in civil cases as enunciated in Canter v. Koehring Company, supra, and Arceneaux v. Domingue, supra, we hold that the trial judge's findings are not manifestly erroneous or clearly wrong. As such, the findings of the trial court will not be disturbed. The trial court's judgment is affirmed. All costs are assessed to appellant.
AFFIRMED.