506 So.2d 785 (1987)
Jerry MORGAN and Katy Morgan
v.
AMERICAN FIRE AND INDEMNITY CO.
No. 85-CA-1502.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Rehearing Denied May 29, 1987.
*786 Ron S. Macaluso, Hammond, for plaintiff-appellant.
Glenn B. Adams, New Orleans, for defendant-appellant.
Before EDWARDS, WATKINS and Le BLANC, JJ.
EDWARDS, Judge.
On September 26, 1982, a fire completely destroyed Jerry and Katy Morgan's house, which was insured by American Fire and Indemnity Company (American).[1] American deposited $60,000.00, the full amount of dwelling coverage, into the registry of the court since there was a dispute as to which bank was the primary loss payee. See American Fire and Indemnity Co. v. Citizen's Nat'l Bank, 499 So.2d 320 (La. App. 1st Cir.1986), cert. denied, 502 So.2d 112 (La.1987). After American failed to tender the amounts due under the other policy provisions, the Morgans filed this breach of contract suit to force American to indemnify them for their loss.
After a jury trial, the plaintiffs were awarded $30,000.00 for contents, $12,000.00 for loss of use, $2,900.00 for debris removal, $9,100.00 in attorney's fees, statutory penalties of twelve percent for American's *787 arbitrary and capricious actions, and $102,000.00 for breach of contract and/or damages.[2] Defendant appeals on all issues. Plaintiffs appeal seeking additional attorney's fees.

NON-PECUNIARY DAMAGES
American contends that the trial court erred in allowing the jury to return a verdict on items not encompassed within the standard homeowners insurance contract. The issue is whether a contract of insurance for a house has as its object the gratification of some intellectual enjoyment which would allow an award of general damages. LSA-C.C. art. 1934(3); Lafleur v. John Deere Co., 491 So.2d 624 (La.1986); Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976).
Plaintiffs argue that new article 1998 allows them to recover general damages here. This case arose in 1983, before article 1934(3) was replaced by article 1998. Therefore, civil code article 1934(3) as interpreted in Meador is the law to be applied in this case. Non-pecuniary damages are not recoverable in a breach of contract case unless the object of the contract was "the gratification of some intellectual enjoyment." Lafleur, 491 So.2d at 630. In the instant case, plaintiffs failed to prove by a preponderance of the evidence that they suffered mental pain and anguish because of American's actions. Therefore, we need not reach the question of whether non-pecuniary damages are recoverable in this breach of contract suit.
In a suit for damages, it is the plaintiff's burden to prove the extent of the loss he suffered because of defendant's fault, and his award must be supported by the record. Borden, Inc. v. Howard Trucking Co., 454 So.2d 1081, 1092 (La. 1983). "Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when the proof, taken as a whole, shows that the fact or causation sought to be proved is more probable than not." Rye v. Terminix Serv. Co., 423 So.2d 754, 756 (La.App. 4th Cir.1982). Although the lack of independent, corroborating evidence may not be fatal to the plaintiff's burden of proof, the absence of even a minimum amount of detail or specificity regarding the extent of damages suffered precludes an award. Arteck Serv., Inc., v. Crown Point Indus., Inc., 473 So.2d 345, 349 (La.App. 5th Cir.1985). In the instant case, plaintiffs did not present any evidence which would support an award for mental anguish nor did they testify that they sought medical attention as a result of American's actions. Thus, we find that plaintiffs have not borne their burden of proving their damages for mental pain and anguish. Accordingly, the award of $102,000.00 is reversed.

DEBRIS REMOVAL
American complains that the trial court erred in allowing the jury to award as a separate item of damages an amount for debris removal. The policy clearly provided that the coverage for debris removal was supplementary and did not increase the applicable limit of liability under the policy. Debris removal is merely an item encompassed within the contents and dwelling coverage. We find that plaintiffs were adequately compensated for any expenses they incurred for debris removal since they received the full limits of liability under their contents and dwelling coverages. Accordingly, the award of $2,900.00 is reversed.

LOSS OF USE
American also argues that the plaintiffs did not offer sufficient proof to support the award for loss of use because the Morgans moved into their son's house after the fire. Mr. Morgan testified that he paid his son's house note, but he did not know the amount of the note. In addition, he did not introduce any records of the mortgage payments nor did his son testify at trial. The only evidence in the record is that Mr. *788 Morgan borrowed a total of $9,100.00 to live on in the months following the fire. However, the Morgans both testified that they used the borrowed money to replace property destroyed in the fire and to buy new clothes. These items are covered by the Morgan's contents/personal property coverage. Since the Morgans did not carry their burden of proving their damages for loss of use to a reasonable certainty, we reverse the award of $12,000.00.

EXPERT WITNESS
We find that the testimony of George Hero, an arson expert, was properly excluded by the trial court. American waived its affirmative defense of arson by failing to allege it in their answer. Therefore, the trial court properly granted plaintiffs' Motion in Limine which prevented defendant from offering evidence as to the cause of the fire. This assignment of error lacks merit.

STATUTORY PENALTIES
American asserts that there was no proof in the record that its refusal to pay was arbitrary or capricious. LSA-R.S. 22:658 provides for a twelve percent penalty plus attorney's fees when an insurer fails to pay an insured within sixty days after receipt of proof of loss, when the failure to pay is not justified. Since this statute is penal in nature, we must strictly construe it. Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983).
The Morgans contacted an attorney shortly after the fire to find out the necessary procedures to take to file a claim with their insurance company. They filled out a proof of loss as to the contents and mailed it to American on December 22, 1982. American never contacted them to inform them that the proof of loss was insufficient or that the fire was still under investigation for arson. Except for the dwelling coverage, American did not tender any amount under any other provision of the policy nor did it reject or object to the proof of loss provided by the plaintiffs. Accordingly, we find that within sixty days after December 22, 1982, the insurer should have informed the plaintiffs of the additional information it needed in order to pay their claim or offered to pay the amounts for which the Morgans did submit proof of their loss. Thus, interest on the Morgan's award runs from February 20, 1983.

LOSS OF CONTENTS
American argues that the plaintiffs' award for $30,000.00 for loss of contents/personal property was excessive. After a thorough review of the record, we find that there is a reasonable factual basis for the jury's decision and the record establishes that their finding is not clearly wrong. This assignment of error lacks merit.

ATTORNEY'S FEES
The Morgans seek additional attorney's fees for their counsel's post-trial efforts. We do not find any additional sum to be warranted since the original award of $9,100.00 was more than sufficient to recompense plaintiffs' counsel for the additional work required by this appeal.
As specified above, the judgment of the trial court is affirmed in part and reversed in part. Costs of this appeal are to be borne equally by appellees and appellants.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] The coverage under the policy was:

1. Dwelling$60,000.00
2. Contents/personal property$30,000.00
3. Loss of Use/Additional Living Expenses $12,000.00
[2] We note that this amount is equal to the limits of liability on the Morgan's insurance policy (60,000 + 30,000 + 12,000).