698 So.2d 723 (1997)
Amy Christine ROGERS, Plaintiff-Appellant,
v.
William Murell PRICE, et al., Defendants-Appellees.
No. 29721-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1997.
*724 Hallack Law Firm by Dennis W. Hallack, Monroe, for Plaintiff-Appellant.
Hayes, Harkey, Smith & Cascio by Thomas M. Hayes, III and Donald C. Douglas, Jr., Monroe, for Defendants-Appellees.
Before MARVIN, C.J., and NORRIS and CARAWAY, JJ.
NORRIS, Judge.
The plaintiff, a homebuyer, appeals a summary judgment in favor of a civil engineer who performed a structural inspection of the home. Because there is an issue of material fact as to whether the engineer's conduct fell short of the duty owed to the plaintiff, we reverse and remand.

Factual Background
Amy Christine Rogers hired the defendant, John Maroney of Maroney Engineers Inc., to perform a structural inspection of a house she intended to purchase. On October 9, 1995, Mr. Maroney prepared a report, in the form of a letter, finding that the house needed mostly cosmetic repairs, but that the attic stairs needed additional ceiling joists. On October 25, 1995, he wrote a letter addressed to Ms. Rogers stating that he had inspected the house again and that repairs had been made according to his recommendations. According to the petition, Ms. Rogers purchased the house on October 26, 1995.
In August 1996, Ms. Rogers filed suit against John Maroney, Maroney Engineers, Inc., an exterminator, the exterminator's employee, a realtor, and the three vendors. Ms. Rogers sought a reduction in purchase price against the sellers and asserted causes of action in negligence against Maroney and the other defendants.
The petition alleged that Mr. Maroney did not inform Ms. Rogers "of any structural problems with the house's wooden supporting structure." Ms. Rogers alleged that "the house not only had active termite infestation, but also suffered extensive and severe termite damage to most of the wooden structure, including load bearing walls, windows and window frames, doors and door frames and ceiling joists." She alleged that the house required extensive repairs, "which essentially amounted to gutting the structure," the end result being that plaintiff "had purchased portions of a roof, exterior stucco walls and a slab for $25,000."
John Maroney and Maroney Engineers, Inc., filed a motion for summary judgment. Mr. Maroney filed an affidavit stating that he advised Ms. Rogers that he did not and could not perform a termite inspection and that she must obtain a termite report from a pest inspector. The affidavit further states that Maroney "is not a pest inspector," did not conduct a termite inspection, and was not retained to inspect for evidence of termite infestation. He alleged that the plaintiff retained him to "inspect the structured [sic] integrity" of her house. The affidavit states that the structural inspection he conducted *725 did not reveal termite damage. However, the letter written on October 9, 1995, is attached to the affidavit, together with a rough drawing of the house containing handwritten observations. One of the handwritten notes on the drawing appears to refer to possible termite damage to the base boards in the kitchen.
Ms. Rogers filed a memorandum in opposition to Maroney's motion for summary judgment, together with two affidavits. Her own affidavit asserts that after she discovered active termite infestation in the house, she learned that "most of the wooden structure of the house had been severely damaged by termites[.]" She denied having ever discussed the subject of termites with Maroney. She alleged that she had never seen the graph attached to Maroney's letter until he filed the motion for summary judgment, and that her realtor gave her only the text of the letter. Ms. Rogers also alleged that despite the statements in Maroney's October 25, 1995 letter, no repairs were done to the roof or stairs after Maroney's first inspection.
Ms. Rogers also attached an affidavit from Paul Roth, her fiancé (now husband), who according to the petition discovered live termites while replacing ceiling tiles. Roth averred that he and Maroney had discussed the October 9 letter, but that contrary to the subsequent letter neither Roth nor anyone else had conducted repairs to the roof or stairs because Roth was unable to understand what repairs were needed. He asserted, as Ms. Rogers had, that the house's wooden structure was severely damaged by termites.
After a hearing, the trial judge granted summary judgment, stating that he found no factual allegations supporting the existence of a legal duty by Mr. Maroney "for termite inspection," and that the pleadings did not indicate that Mr. Maroney had breached any legal duty to the plaintiff.

Applicable Law
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. La. C.C.P. art. 966 A(2), as amended by Acts 1996, 1st Ex.Sess., No. 9, § 1. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial. La. C.C.P. art. 966 C. The procedure is statutorily favored. La. C.C.P. art. 966 A(2). Notwithstanding any other portion of Article 966 to the contrary, the burden of proof shall remain with the mover. La. C.C.P. art. 966 G.
The 1996 amendment to Article 966 "levels the playing field" between the parties in two ways: first, the supporting documentation submitted by the parties should be scrutinized equally, and second, the overriding presumption in favor of trial on the merits is removed. Ebarb v. Guinn Brothers, Inc., 29,179 (La.App.2d Cir. 2/26/97), 691 So.2d 228. However, the amendment does not change the law regarding the burden of proof in a summary judgment proceeding. The mover is still required to show that no genuine issues of material fact remain; otherwise, summary judgment is not proper. Collinsworth v. Foster, 28,671 (La.App.2d Cir. 9/25/96), 680 So.2d 1275.
An engineer owes a duty to exercise the degree of professional care and skill customarily employed by others of his profession in the same general area. Emond v. Tyler Building and Const. Co., 438 So.2d 681 (La.App. 2d Cir.1983); Hogan Exploration, Inc., v. Monroe Engineering Associates, Inc., 430 So.2d 696 (La.App. 2d Cir.1983); see also La. R.S. 37:682(8).[1]
This court reviews summary judgment de novo under the same criteria that govern the district court's considerations of the appropriateness of summary judgment. Bockman *726 v. Caraway, 29,436 (La.App.2d Cir. 4/2/97), 691 So.2d 815.

Discussion
Mr. Maroney's duty of care stems from a contractual undertaking to provide a structural inspection of a house prior to purchase by Ms. Rogers. The affidavits and other summary judgment evidence in this record do not establish a standard of care with respect to an engineer who performs a structural inspection, including whether he should inspect for and report the kind of structural damage alleged by the plaintiff. We conclude that there remains a material issue of fact whether Mr. Maroney's structural inspection, according to the standards of the profession, required him to inspect for and report structural damage caused by termites. In order to be entitled to summary judgment, Mr. Maroney should have established by affidavit whether the standard of care in conducting structural inspections included inspecting for termite damage. If it did, he would have been entitled to summary judgment only if he established that the parties agreed that this aspect of such an inspection was to be excluded from his contractual duty.
Mr. Maroney's affidavit contends that he "advised the plaintiff that he did not and could not perform a termite inspection and that she must obtain a termite report from a pest inspector." This allegation is not sufficient to show that Mr. Maroney has contracted out of any duty to inspect for and discover the structural damage alleged by the plaintiff. She has alleged, not merely the presence of termites, but the existence of serious structural damage to her house. Maroney's affidavit does not state that the standard of care requires only that he must find and report all structural damage except that caused by termites. Moreover, both Ms. Rogers and Mr. Roth deny in their affidavits Mr. Maroney's allegation that he made this communication to them at all.
Mr. Maroney argues that he was not a licensed pest control operator or certified pest inspector within the meaning of the Structural Pest Control Law, La. R.S. 3:3361 et seq. He concludes that absent such an allegation, there could be no basis on which to find that he had a legal duty to perform a termite inspection. He argues that the trial court was not required to make any factual findings, because "there is no issue of fact as to the scope of the duty owed to her by Maroney."
We reject this argument. Ms. Rogers has not alleged that Mr. Maroney was hired to perform a "termite inspection." Instead, the essence of her allegation is that he had a contractual duty to perform a structural inspection of the house and negligently failed to discover structural damage caused by termites.
It is a matter for factual resolution whether the alleged termite damage was properly within the purview of an engineer's structural inspection and that a reasonably prudent engineer should have discovered it as structural damage. The summary judgment evidence does not support the conclusion that, as a matter of law, Mr. Maroney did not breach the duty of care owed to the plaintiff.
In professional malpractice cases, courts have found summary judgment inappropriate where the defendant fails to establish that his actions were not within the scope of the duty owed. See Stevens v. Bernard, 95-1010 (La.App. 3d Cir. 1/31/96), 670 So.2d 264; Richard v. Wijayasuriya, 93-1410 (La.App. 3d Cir. 10/5/94), 645 So.2d 708, writ denied, 95-0158 (La.3/17/95), 651 So.2d 273; Smith v. Becnel, 396 So.2d 444 (La.App. 4th Cir.1981). In contract cases, whether the defendant has properly performed his obligation is a question of fact. See Rye v. Terminix Service Co., 423 So.2d 754 (La.App. 4th Cir.1982). In this case Mr. Maroney failed to establish either that he had no duty to discover structural damage caused by termites, or that he had contracted out of any such duty. Accordingly, material issues of fact remain.[2] The trial court wrongly granted summary judgment.

*727 Conclusion

For the foregoing reasons, the judgment is REVERSED at appellee's cost, and the case remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The only activity excluded from the definition of the "practice of engineering" is "the work ordinarily performed by a person who himself operates or maintains machinery or equipment." La. R.S. 37:682(8).
[2] We emphasize that we do not hold that Mr. Maroney had a duty to discover and report the kind of damage alleged by the plaintiff. We note, however, that in several cases engineers have served as either fact or expert witnesses in cases which involved structural damage caused by termites. See Abdelbaki v. University Presbyterian Church, 380 So.2d 35 (La.1980); WMI Urban Services, Inc. v. Erwin, 215 Ga.App. 357, 450 S.E.2d 830 (1994); West American Ins. Co. v. Chateau La Mer II Homeowners Assoc., Inc., 622 So.2d 1105 (Fla. 1st DCA 1993). Cf. Amend v. McCabe, 95-0316 (La.12/1/95), 664 So.2d 1183 (civil engineer who inspected property for structural damage testified that "if he had known that there were concerns about structural termite damage he would have recommended a more thorough inspection").