I iLOLLEY, J.
Burgundy Oaks, L.L.C. and James A. Young appeal the judgment rendered by the First Judicial District Court, Parish of Caddo, State of Louisiana in favor of Ra-burn & Associates. For the following reasons, we affirm.
Facts
This lawsuit stems from the planning and development by James A. Young, a real estate developer, of a Shreveport residential subdivision, Burgundy Oaks (the “subdivision”). Raburn & Associates pro *121 vided professional engineering services to Burgundy Oaks, L.L.C. and Young (collectively, “Burgundy Oaks” or appellants) for the entire subdivision, except for the initial unit 1. The parties entered into a contract for the subdivision, which services by Ra-burn & Associates were to include layouts of the various lots, engineering design for streets, drainage and sewer, and the marking of the lots as designed.
Invoices were submitted to Burgundy Oaks by Raburn & Associates for professional services rendered until June 18, 1997. Following that and until November 16, 1998, no invoices were submitted. During this time, Raburn & Associates had been paid in full for all invoices outstanding. On November 16, 1998, Raburn & Associates submitted five (5) invoices in amounts totaling approximately $50,000. These invoices went unpaid, and follow-up invoices were submitted by Raburn & Associates on February 18, 1999 and March 26, 1999, for all past-due amounts. On October 15, 1999, Raburn & Associates made written demand on Burgundy Oaks for the full open account balance, but the amount still went unpaid.
li>,0n June 16, 2000, this action was commenced by Raburn & Associates as a suit on open account seeking the recovery of $53,096.50, together with interest and attorneys’ fees. In response, Burgundy Oaks filed its answer and reconventional demand against Raburn & Associates for its alleged failure to adhere to the professional standards allegedly expected of and ascribed to professional civil engineers and land surveyors (i.e., a claim of professional malpractice).
A six-day bench trial of the matter was held in late October and early November 2002. At the conclusion of trial, the trial court determined that Raburn & Associates had met its burden of proof and awarded it $48,346.50 for services, but denied its request for attorneys’ fees. Burgundy Oaks’ reconventional demand was rejected. Judgment was entered in favor of Raburn & Associates, and this appeal by appellants ensued.
Discussion
In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error/clearly wrong standard, which precludes the setting aside of a district court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Hall v. Folger Coffee Co., 2003-1734 (La.04/14/2004), 874 So.2d 90; Cenac v. Public Access Water Rights Ass’n, 2002-2660 (La.06/27/03), 851 So.2d 1006. Where the parties to a lawsuit present conflicting evidence on the litigated issues presented to the trial court, one of the basic tenets of the manifest error standard of review is that “reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon | areview, even though the court of appeal is convinced that had it been the trier of fact, it would have weighed the evidence differently.” Hall, supra; Parish Nat. Bank v. Ott, 2002-1562 (La.02/25/03), 841 So.2d 749.
A two-part test for the reversal of the factfinder’s determinations has been used: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Parish Nat. Bank, supra, quoting Stobart v. State through Dept. of Transp. and Dev., 617 So.2d 880 (La.1993).
Here, .Raburn & Associates initially brought its action on open account against Burgundy Oaks, L.L.C. and Young, who answered and filed a reconventional demand against Raburn & Associates, generally alleging that Raburn & Associates had *122 committed professional malpractice in connection with its engineering services on the subdivision. As stated, the trial court ruled in favor of Raburn & Associates and against Burgundy Oaks on the claims of professional malpractice, which, generally, appellants argue was in error.
An engineer owes a duty to exercise the degree of professional care and skill customarily employed by others of his profession in the same general area. Rogers v. Price, 29,721 (La.App.2d Cir.08/20/97) 698 So.2d 723, writ not considered, 1997-2406 (La.12/12/97), 704 So.2d 1180; Emond v. Tyler Bldg, and Const Co., 438 So.2d 681 (La.App. 2d Cir.1983); Hogan Exploration, Inc., v. Monroe Eng’g Assocs., Inc., 430 So.2d |4696 (La.App. 2d Cir.1983). Proof of failure to perform commensurate with these standards ordinarily rests with the party making such claims. Hogan, supra at 700.
In its first assignment of error, the appellants argue that the trial court erred in relying on the expert opinion of James Mohr, Raburn & Associates’ expert at trial. Primarily, appellants argue that Mohr’s opinions were not based on any recognizable community standard and should not have been relied upon by the trial court.
We note that a trial court evaluates expert testimony by the same principles that apply to other witnesses and has great discretion to accept or reject expert or lay opinion. Johnson v. English, 34,322 (La.App.2d Cir.12/20/00), 779 So.2d 876, citing, Orea v. Scallan, 32,622 (La.App.2d Cir.01/26/00), 750 So.2d 483. The weight to be accorded to testimony of experts depends largely on their qualifications and the facts upon which they base their opinions. Id. In this case, all the experts were admitted by stipulation of the parties, thus their individual qualifications were never at issue.
On appeal, appellants argue that the trial court erred in relying on Mohr’s opinions, which appellants state were not based on any recognizable community standard. To that issue, however, we reiterate and emphasize that at trial it was the appellants’ burden to prove that Raburn & Associates deviated from the standard of care and skill customarily employed by engineers in this locale. Importantly, the burden did not lie with Raburn & Associates to prove through expert evidence that this standard was met, but |Rthe appellants’ burden to prove that the standard was not met. In other words, if appellants failed to prove their claims at trial, then it is of no consequence whether Ra-burn & Associates’ expert’s opinion was lacking or not. In fact, Raburn & Associates had no burden to even put forth any expert evidence. The trial court’s opinion makes clear, in addressing the various issues litigated, that the appellants failed to meet their burden of proof necessary at trial, which finding we conclude was not in error.
At trial, the appellants utilized the services of two experts, Denzil Blount and Joey French, both civil engineers who had worked on the project. The only general opinion expressed by Blount regarding any malpractice by Raburn & Associates was that the delays and discrepancies on the project were attributable to Raburn & Associates and that such were not those normally typical of North Louisiana engineers.
In French’s trial testimony he pointed out various actions taken by Raburn & Associates he deemed to be mistakes; however, he was never asked whether Ra-burn & Associates’ work product fell short of the work product expected of North Louisiana engineers. Instead, when asked whether Raburn & Associates’ work prod- *123 uet was above the standard of North Louisiana engineers, he replied it was not. Additionally, appellants introduced at trial a written report prepared by French, which was “[I]n response to a request from James Young, a long-standing client of this firm....” In that report, French answered several inquiries regarding the subdivision, and those answers were prefaced by the following:
These responses reflect the professional opinion of the licensed professional whose seal and signature appear below [i.e., |fiFrench]. No assertion is made herein that these opinions are the only correct and/or appropriate ones. In the surveying and engineering professions, there are sometimes numerous approaches to any given problem. The challenge then becomes finding the safest and the most economical approach in order to protect the client’s interests. (Emphasis added).
This statement by French clearly points out that various approaches may be utilized by engineers. Moreover, in his report French never opined that Raburn & Associates failed to exercise the degree of professional care and skill customarily employed by other engineers in the same locale.
A review of the trial transcript from the lengthy and complicated trial shows that the trial judge paid rapt attention to the proceedings, as evidenced by the frequent and understanding questions asked by him. Clearly, the trial court assessed and considered the expert testimony offered by the appellants, as its written opinion repeatedly makes reference to it. In fact, the trial court specifically noted as to one issue that the evidence failed to show that Raburn & Associate’s professional services fell below the standard of care, i.e., the appellants had failed to meet their burden of proof. Considering the record and the expert evidence contained therein, it was not in error for the trial court to make such conclusions. Moreover, in light of the appellants’ failure to prove their claims of professional malpractice, the fact that Mohr’s opinion may have been insufficient (as argued by appellants) is consequently of no import. Simply put, the trial court, after assessing all of the appellants’ evidence, including the expert opinions, concluded that the appellants had failed to prove their claims. Such a finding is reasonable and was not in error.
17In another assignment of error, the appellants specifically argue that the trial court erred in determining Raburn & Associates not responsible for what is characterized by appellants as a misplaced inlet and drain line in unit 4 of the subdivision. Specifically, the trial court opined that “[t]he credible evidence fails to substantiate the necessity of removing and replacing the inlet” for the monetary amount appellants argue they are entitled to. Appellants argue that the incorrectly placed inlet and drain caused flooding in that area of the subdivision, which assertions they claim were supported by the testimony at trial. However, during the trial Mohr stated that the drainage problem was attributable to the improper installation of pipe by the contractor. Additionally, in his report, French opines that, “[t]he curb inlet ... is not built properly. It is impossible to determine from a visual examination whether the fault lies in the stakeout of the inlet or in the construction of the inlet.” Further, when questioned at trial regarding the inlet, French stated that he could not state whether the drainage problem caused by the inlet was due to work by the contractor or Raburn & Associates. Clearly, the trial court was within its realm in weighing the divergent evidence on this issue and assessing, in its proper discretion, whether the appellants had met their burden of proof as to this issue. Its finding that appellants failed to prove their claim is not in error.
*124 In another assignment of error, the appellants maintain that the trial court erred in its conclusion that Raburn & Associates had exercised proper judgment concerning the size of pipe used in connection with the weir. As explained by the appellants, a weir and drainage pipe had been designed and | sconstructed to drain off surface water from the subdivision. Appellants contend that Raburn & Associates chose to use a 54-inch pipe, when, according to their experts, a 36-inch pipe could have sustained all the water that would have possibly gone through the weir, resulting in an unnecessary overcharge to the appellants of nearly $17,000.00. Notably, in French’s report he concludes that, “[t]he drainage structures do not seem to be designed consistently using the guidelines in the City of Shreveport drainage manual; it is possible that alternate design criteria were used.” (Emphasis added). Additionally, he stated that the 54-inch pipe “seems larger than necessary.” (Emphasis added). Clearly, French does not state that the use of the larger pipe was conclusively a failure to exercise the degree of professional care and skill customarily employed, by others of his profession in the same general area. His report obviously leaves open the possibility that Raburn & Associates utilized another method for determining the size of pipe to use. The trial court determined that the design of the pipe was within the proper exercise -of Rayburn & Associates’ professional judgment. This conclusion was not in error.
In this matter, various other allegations of professional malpractice were raised by the appellants against Raburn & Associates, and the trial court made findings as to those issues in its opinion. Although the appellants do raise a final catch-all assignment of error that the record as a whole shows “numerous” examples of manifest error, the issues discussed herein are the only ones raised specifically by the appellants on appeal, thus we will not address those other findings contained in the trial court’s |aopinion. And, whereas the appellants fail to assert any other specific instances of alleged error on the part of the trial court, other than their final catchall assignment of error, this court is not compelled to review the record and find such. We do note, however, that in our review of the record, it is apparent that the trial judge took great effort to understand the difficult and intricate evidence before him. It was clearly within the trial court’s discretion to evaluate the appellants’ evidence, including the expert opinions, and determine that such evidence was insufficient to prove the claims made in the reconventional demand.
Conclusion
Therefore, for the stated reasons, the judgment of the trial court in favor of Raburn & Associates and against Burgundy Oaks, L.L.C. and James A. Young is affirmed. Costs of this appeal are assessed to the appellants.
AFFIRMED.