727 So.2d 661 (1999)
CITIZENS BANK & TRUST COMPANY, Plaintiff-Appellee,
v.
Landra MITCHELL, Charles Ray Nelson & Cleve Hamilton, Defendants-Appellants.
No. 31,435-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1999.
*662 Northwest Louisiana Legal Services by Edward A. Takara, Shreveport, Counsel for Defendants-Appellants.
Douglas C. Dominick, Vivian, Counsel for Plaintiff-Appellee.
Before BROWN and GASKINS, JJ., and PRICE, J. Pro Tem.
PRICE, Judge Pro Tem.
In this action brought by Citizens Bank & Trust Company to recover the balance due on a promissory note signed by Landra Mitchell and cosigned by Cleve Hamilton in March 1995, the defendants appeal a summary judgment in the bank's favor for the $5,600 principal balance due on the note, plus interest and attorney fees. Defendants did not dispute that they signed the note but asserted in their pro se answers and in affidavits filed in opposition to summary judgment that they did so only to assist their disabled brother, Charles Nelson, in obtaining the loan, with express assurances from the bank's loan officer that they would not be personally responsible for Nelson's debt.[1]
Applying the 1996 revisions to the summary judgment law, La. C.C.P. art. 966, the trial court granted the bank's motion on findings that Mitchell and Hamilton had not denied their signatures on the note and had not made a sufficient showing "from the filings made thus far ... to establish the existence of proof of the defense claimed and on which defendants have the burden of proof at trial."
While agreeing that defendants had the burden of producing sufficient factual support for their affirmative defenses to establish that they will be able to offer evidence of those defenses at trial, we cannot agree with the trial court's conclusion that defendants failed to meet their burden of production. Art. 966(C)(2); Hayes v. Autin, 96-287 (La. App. 3d Cir.12/26/96), 685 So.2d 691, writ denied; Jackson v. Beasley, 30,359 (La. App.2d Cir.4/8/98), 712 So.2d 162.
On this record, the bank is not entitled to judgment as a matter of law. We reverse the summary judgment and remand for further proceedings.

FACTS
According to this record, Nelson is mentally disabled and receives Supplemental Security Income (SSI) from the Social Security Administration. The SSI benefits are paid to Nelson's sister, defendant Mitchell, on his behalf and as his "Representative Payee." The bank loan in question was made to fund Nelson's purchase of a vehicle, with Mitchell signing the note as "Borrower" and Nelson and Hamilton each signing as a "Cosigner."
The bank's action on the note was filed June 11, 1996. Within a week, on June 17, Mitchell and Hamilton filed separate hand-written *663 pro se answers to the petition, which we quote:

[Mitchell] I'm filing this paper because I was served with papers toward being sued, but I wanted this to go on record that I am only on this loan because of the purpose of being repersentive [sic] payee of my brother's funds SSI funds and that is the only way they would give him this loan if I would state that I was payee, but the loan was his & I can only pay for things of my own. I have nothing of value if I get sued, nothing at all.

[Hamilton] All the time of this loan before it was signed, I was not told that I was signing as a co-signer. I was told that the only reason my name was going on his loan was because his income wasn't enough to make the loan, and they just wanted to add my income to make his income higher and I was not signing as a co-signer, because if I had known I was going to be a co-signer, I never would have signed the papers, because I was in no way able to pay for something if he didn't pay for it, and now I'm being sued for something I didn't know I was signing as a co-signer.
(Our emphasis.)

SUPPORTING AND OPPOSING AFFIDAVITS
In its motion for summary judgment and supporting affidavits filed August 16, 1996, the bank argued it was entitled to judgment as a matter of law because defendants had not denied their signatures on the note or disputed the bank's calculation of the balance due on the loan. The bank did not mention or address the factual assertions raised in the pro se answers. This omission appears to have been based on the bank's incorrect assumption or conclusion that Mitchell and Hamilton "have merely filed a general denial [and] ... have set forth no affirmative defenses as required by Article 1005 of the Louisiana Code of Civil Procedure." Under our system of fact pleading, the factual assertions in the pro se answers were sufficient to raise the affirmative defenses of error and fraudulent misrepresentation, two of the vices of consent recognized in La. C.C. arts.1948 et seq. Paxton v. Ballard, 289 So.2d 85 (La.1974); Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848 (La. 1974); Pittman v. Roberts, 337 So.2d 541 (La.App. 2d Cir.1976); Smith v. Scott, 345 So.2d 981 (La.App. 2d Cir.1977).
Responding to the bank's motion and affidavit attesting to the balance due on the loan, defendants filed an opposition to the motion with affidavits by Mitchell and Hamilton. Mitchell's affidavit states:
Her brother, Charles Ray Nelson, ... is disabled and currently receives Supplemental Security Income because of his disability.
Landra Mitchell has been designated by the Social Security Administration as the Payee for the Supplemental Security Income which is paid to her brother each month.
It was explained to ... Mitchell by Mr. O'Brien, Loan Officer at Citizens Bank, that the only way Mr. Nelson would be able to obtain this loan is if she signed the promissory note.
She specifically asked if this would mean that she would be responsible for paying this loan back and was told by Mr. O'Brien that she would not.
(Our emphasis.)
Hamilton's affidavit asserts:
She was told by Mr. O'Brien, Loan Officer at Citizens Bank, that she was in fact not signing as a co-signer but that her income would be added to the income of Mr. Nelson.
It was explained further to her that he was not eligible for this loan unless he had a higher rate of income and therefore if she signed the promissory note, her income would be included to give him a higher income making him eligible for the loan. She specifically asked Mr. O'Brien at the meeting if Mr. Nelson did not pay the loan back would she be responsible for doing so, to which Mr. O'Brien assured her that she would not.

(Our emphasis.)
The bank then filed an affidavit by its president asserting that he "personally knows each and every employee" of the bank; that *664 there has been no one employed at the bank by the name of Mr. O'Brien during the past eight years; and that

[I]t is always bank policy to fully explain to every person signing a note whether as the original signor or as a co-signer that they will be considered to be liable for payment of the entire note if the original signor fails to meet his obligations.
(Our emphasis.)

DISCUSSION
We assume without deciding that the bank's motion, as supplemented by the president's affidavit, was sufficient to satisfy the bank's burden, as the party moving for summary judgment, of showing
 that no genuine issues of material fact remained on matters the bank would have the burden of proving at trial, and of additionally showing
 the absence of facts supporting one or more elements essential to the affirmative defenses raised by the defendants, matters which defendants would have the burden of proving at trial.
Art. 966(C)(1), (2); Ebarb v. Guinn Brothers, Inc., 29,179 (La.App.2d Cir.2/26/97), 691 So.2d 228, writ denied; Rogers v. Price, 29,721 (La.App.2d Cir.8/20/97), 698 So.2d 723, writ not considered.
Once the mover meets this burden, the adverse party must present evidence demonstrating that material factual issues remain by producing factual support sufficient to establish that she will satisfy her evidentiary burden at trial. Art. 966(C)(2); Hayes, Jackson, both cited supra. Even under the more liberalized summary judgment law, however, summary judgment may not be granted when the supporting and opposing documents reveal conflicting versions of the facts which may only be resolved by weighing contradictory testimony and assessing witness credibility. See and compare Miramon v. Woods, 25,850 (La.App.2d Cir.6/22/94), 639 So.2d 353; Cox v. Fuglsang, 96-1354 (La.App. 3d Cir.4/30/97), 693 So.2d 883, writ denied; Pool Co. v. Universal Machine Co., 97-321 (La.App. 5th Cir.10/15/97), 701 So.2d 1014.
A defendant who claims to have signed a promissory note through fraud, error or other vices of consent which may allow the conclusion that the note does not accurately reflect the nature or the extent of the obligations undertaken between the parties may testify to his or her understanding of the actual agreement. Scafidi v. Johnson, 420 So.2d 1113 (La.1982); American Bank & Trust Co. v. Vinson, 528 So.2d 693 (La.App. 2d Cir.1988); Pittman v. Roberts, supra.
The affidavits of Mitchell and Hamilton assert facts within the personal knowledge of the affiants which would be admissible in evidence, as required by La. C.C.P. art. 967. These affidavits on the one hand, and the affidavit of the bank's president on the other, reveal genuine and material factual disputes concerning who said what to whom about the reason for having defendants sign the note. This record does not allow the conclusion that there are no genuine issues of material fact and that the bank is entitled to judgment as a matter of law. Art. 966; Vinson, Ebarb, Pool, all cited supra.

DECREE
The summary judgment in favor of Citizens Bank & Trust Company against defendants Mitchell and Hamilton is reversed and the matter is remanded for further proceedings. Costs here and below are assessed to the bank.
REVERSED AND REMANDED.
NOTES
[1] Nelson also cosigned the note and was named as a defendant in the action but did not file an answer. The bank obtained a default judgment against Nelson before seeking summary judgment against the remaining defendants. The judgment against Nelson is not at issue in this appeal.