|,CHEHARDY, Judge.
In this personal injury case, the trial court granted defendants’ motion for summary judgment. For the following reasons, we vacate and remand.
On May 24, 1995, plaintiff, Tony Meyers, filed this admiralty/general maritime suit against Mr. Crosby, Inc., Suard’s Barge Service, Inc., Texaco, Inc. and Texaco Exploration and Production, Inc. a/k/a Texaco Producing, Inc. In his petition, plaintiff alleges that while employed by Great *767 Southern Oil and Gas Company, and while performing workover operations of a Texaco well on three barges which were moored in place and tied together, plaintiff sustained injuries to his leg when he slipped and fell between two of the barges.
During the course of the proceedings, Suard’s Barge Service, Inc. was voluntarily dismissed from the lawsuit. Thereafter, on February 18, 1999, Texaco filed a motion for summary judgment, arguing that pursuant to its “master agreement” with Great Southern, “Texaco exercised no operational control over the method or means of how its independent contractor (Great Southern) accomplished its work and is not responsible for the alleged negligent acts of its independent contractor.” Attached to Texaco’s motion for summary judgment is a copy of the master agreement, an affidavit from Douglas J. IsCourville, Texaco’s “company man” who was present on the job site, and excerpts from plaintiffs deposition.
Plaintiff opposed the motion for summary judgment, arguing that Texaco exercised substantial control over the operation. Plaintiff also attached his own affidavit, wherein he states that Douglas Courville gave daily instructions to the entire Great Southern crew, and that Texaco effectively exercised total control over the operations.
The motion for summary judgment was heard by the trial court on September 3, 1999. At the conclusion of counsels’ arguments, the trial court granted Texaco’s motion for summary judgment, finding that the status of Great Southern was one of an independent contractor. The trial court’s ruling was reduced to a written judgment rendered on September 21,1999. Plaintiff has appealed.
It is well settled that appellate courts review summary judgments de novo, applying the same criteria as the trial court in deciding whether or not a summary judgment should be granted. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Although summary judgments are now favored, the mover must still show the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. La. C.C.P. art. 966. Furthermore, even under the more liberalized summary judgment law, a summary judgment may not be granted when the supporting and opposing documents reveal conflicting versions of the facts which may only be resolved by weighing contradictory testimony and assessing witness credibility. Citizens Bank & Trust Co. v. Mitchell, 31,435 (La.App. 2 Cir.1/20/99), 727 So.2d 661, 664.
In the matter before us, in support for its motion for summary judgment, Texaco submitted an affidavit from its employee who was assigned to “oversee” the activities at the job site, Douglas J. Cour-ville, wherein he states, inter alia, “[tjhat he exercised no operational control over the method or means of Great Southern Oil & Gas accomplishing its work.” However, in his opposition to Texaco’s motion for summary judgment, plaintiff submitted his own affidavit, wherein he states, inter alia:
[¿Each morning, Mr. Courville would meet with the entire Great Southern crew and would give them instructions on what to do first, what to watch for, and determine what work had to be accomplished first. Mr. Courville also personally instructed Great Southern personnel [including plaintiff] if he saw something that needed to be done.
Upon review, it is clear that these two affidavits offer conflicting versions of material facts in this case. The key question of whether Great Southern was acting as an independent contractor, or was acting under the supervision and control of Texaco, may only be resolved by the factfinder after weighing the contradictory testimony and assessing witness credibility. Considering the factual dispute regarding Texaco’s control, a summary judgment which determined the status of Great Southern *768 as an independent contractor was not appropriate.
Accordingly, for the foregoing reasons, the September 21, 1999 judgment of the trial court, granting Texaco’s motion for summary judgment, is hereby vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion.
VACATED AND REMANDED.