778 So.2d 89 (2000)
Catherine M. NESTOR
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.
No. 00-CA-1515.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2000.
Wayne E. Garrett, New Orleans, LA, Attorney for Plaintiff/Appellant, Catherine M. Nestor.
James L. Donovan, Jr., Metairie, LA, Attorney for Defendant/Appellee, Allstate Insurance Company.
Panel composed of CHEHARDY, McMANUS, JJ., and ROTHSCHILD, Pro Tempore.
CHEHARDY, Judge.
In this personal injury matter, the trial court granted summary judgment in favor of one of the defendant-insurers, finding no coverage for the accident. The trial court also denied plaintiffs motion for summary judgment regarding coverage. For the following reasons, we vacate in part, affirm in part and remand.
This matter arose after plaintiff, Catherine M. Nestor, was involved in an automobile accident with a pick up truck being driven by defendant, Kelly Bankston. The pick up truck was titled to defendant, United Salvage, Inc., a dormant company owned by defendant, Glen Carimi, who also owned the business which employed Bankston, defendant, Coastal Seafood Processors, Inc. Mr. Bankston had borrowed the pick up truck from Mr. Carimi.
Ms. Nestor filed suit against Mr. Bankston, Mr. Carimi, United Salvage, Coastal Seafood, and State Farm Mutual Automobile Insurance Company, which insured the United Salvage pick up truck and was also the uninsured/underinsured motorist carrier of Ms. Nestor. Allstate Insurance *90 Company, which insured Mr. Bankston's personal vehicle, was later added as a defendant.
After the depositions of Mr. Carimi and Mr. Bankston were taken, Allstate filed a motion for summary judgment, arguing that coverage for this accident was excluded under the terms of its policy because the pick up truck was "available for the regular use of an insured person" (Mr. Bankston). Ms. Nestor opposed the motion for summary judgment, arguing that based on the depositions and Mr. Carimi's affidavit, the pick up truck was not available for Mr. Bankston's "regular use." Plaintiff also filed her own motion for summary judgment, arguing that under other terms of the Allstate policy, Mr. Bankston was covered for any loss because the pick up truck "was being temporarily used while [Bankston's] insured auto [was] being serviced or repaired."
Prior to the hearing on the opposing motions for summary judgment, plaintiff settled her claims with the remaining defendants, and filed a "limited motion and order of dismissal" into the record. The dismissal, which was signed by the trial court on May 15, 2000, dismissed "Glen Carimi, United Salvage, Inc., Coastal Seafood Processors, Inc., Kelly Bankston, and State Farm Mutual Insurance Company, only, while reserving any rights [plaintiff] may have against any other party."
The opposing motions for summary judgment were heard by the trial court on May 19, 2000. At the conclusion of the hearing, the trial court ruled in favor of Allstate, granting its motion for summary judgment and denying plaintiffs motion for summary judgment. The ruling of the trial court was reduced to a written judgment, which was rendered on May 23, 2000. Plaintiff appeals, arguing that the trial court should have denied Allstate's motion for summary judgment, and further that the trial court should have granted plaintiffs motion for summary judgment.
Initially, we note that an appeal generally does not lie from the denial of a motion for summary judgment. La. C.C.P. art. 968. However, in this matter, because of the prior order of dismissal, the trial court's May 23, 2000 judgment disposed of all issues and all parties to this proceeding. Therefore, we consider the entire May 23, 2000 judgment to be a final, appealable judgment.
It is well settled that a court of appeal reviews summary judgments de novo, under the same criteria that govern the district court's consideration of the appropriateness of summary judgment. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Although summary judgments are now favored, the mover must still show the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. La. C.C.P. art. 966. Furthermore, even under the more liberalized summary judgment law, a summary judgment may not be granted when the supporting and opposing documents reveal conflicting versions of the facts which may only be resolved by weighing contradictory testimony and assessing witness credibility. Citizens Bank & Trust Co. v. Mitchell, 31,435 (La.App. 2 Cir.1/20/99), 727 So.2d 661, 664.
On appeal, plaintiff asserts that factual issues remain in dispute regarding whether the pick up truck was available for his "regular use." We agree. The deposition of Glen Carimi, who's company owned the pick up truck, is in the record before us. Also, an affidavit executed by Glen Carimi is attached to plaintiffs memorandum in opposition to Allstate's motion for summary judgment. In his deposition, Mr. Carimi testified that he loaned the pick up truck to Mr. Bankston "a few times over a five-year period." Mr. Carimi also testified that the truck was primarily kept at Carimi's house, not at the business.
*91 In support of its motion for summary judgment, Allstate cited portions of Mr. Bankston's deposition, where he purportedly testified that he used the pick up truck "probably once or twice a week." However, nowhere in the record before us is the deposition of Mr. Bankston, or even portions of his deposition. Moreover, Mr. Bankston's purported testimony is in direct conflict with that of Mr. Carimi, who testified that he only loaned the pick up truck to Mr. Bankston for personal reasons "a few times over a five-year period." Carimi further testified that the pick up truck was kept at Carimi's home, not at the Coastal Seafood business, that it was only used by employees of Coastal to make emergency deliveries "approximately ten times a year," and that "some of these emergency deliveries would have been made by Kelly Bankston."
Upon review, we find that Allstate failed to "show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Whether or not the pick up truck was available for Mr. Bankston's "regular use" is a disputed material fact, which precludes summary judgment in favor of Allstate. Therefore, that portion of the trial court's judgment must be vacated.
With regards to plaintiff's motion for summary judgment, plaintiff argues that Allstate coverage should attach because she adequately proved that the pick up truck was "being temporarily used while [Bankston's] insured auto [was] being serviced or repaired." We disagree. As stated, there are no portions of Bankston's deposition attached anywhere in the record before us. Further, there is no affidavit executed by Bankston. While Carimi's affidavit states that "the pick up truck was borrowed by Mr. Bankston as a result of repairs that were being made to his vehicle," this statement, made by a third party, is clearly not enough to carry plaintiff's burden of proof. The question of whether Mr. Bankston's personal vehicle was being serviced or repaired at the time of the accident is also clearly in dispute, and summary judgment in favor of plaintiff was properly denied by the trial court.
Accordingly, for the forgoing reasons, the portion of the trial court's May 23, 2000 judgment which granted summary judgment in favor of defendant/appellee, Allstate Insurance Company, is hereby vacated. The portion of the trial court's May 23, 2000 judgment which denied plaintiff's motion for summary judgment is hereby affirmed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
VACATED IN PART; AFFIRMED IN PART; REMANDED.