484 So.2d 746 (1986)
Tycie J. FILES
v.
STATE of Louisiana, DOTD, et al.
No. CA 84 1219.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
*747 Wendell Tanner, Slidell, for plaintiff, appellant.
John Cuejanovich, New Orleans, for defendants, appellees.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
Plaintiff, Tycie Files, was injured in an automobile accident when the vehicle which she was driving struck a street sweeper owned by the Louisiana Department of Transportation and Development (DOTD). Miss Files filed suit against defendant, DOTD, its insurer, Travelers Insurance Company and William Hano[1], the driver of the street sweeper. The trial court awarded Miss Files a total of $15,031.47 for both general and special damages; however, this amount was reduced to $3,006.29 after the trial court determined that Miss Files was 80% at fault and the DOTD was 20% at fault. From the judgment awarding Miss Files $3,006.29, both parties appeal.

FACTS
On May 19, 1982, Miss Files was driving her automobile in the southbound, right-hand lane of U.S. 190 in St. Tammany Parish. As she approached the Abita *748 Creek bridge, Miss Files entered the left-hand lane of the four lane highway and began to overtake another vehicle. As she approached the bridge, she noticed a cloud of dust on the bridge. Upon entering the cloud of dust, she saw a DOTD street sweeper in her path and slammed on her brakes. Her automobile struck the rear of the street sweeper, which resulted in her injuries.
The street sweeper was in the far left emergency lane sweeping that portion of the roadway and part of the sweeper was protruding into the left-hand lane. The street sweeper was equipped with hazard lights on the rear of the vehicle and a large flashing directional arrow with amber lights, both of which were in operation at the time of the accident.
The accident occurred at 10:45 a.m. on a clear day. Mr. Hano testified that he was traveling at approximately 3 mph, and the trial court found that Miss Files was traveling at 50 mph prior to engaging her brakes. Miss Files testified that she did not see the warning lights and could not see into the cloud of dust. She stated that she did attempt to slow down before entering the dust.

TRIAL COURT
The trial court found that the street sweeper was creating a moderate amount of dust and that upon seeing the dust, Miss Files was under a duty to stop until conditions would permit her to resume with reasonable safety. The court was of the opinion that this amounted to negligence on her part and found her to be 80% at fault. The trial court also held that the DOTD was 20% at fault for not providing a flagman to warn motorists.
Both parties appealed, and the following issues are presented on appeal.
1. Did the trial court commit manifest error in allowing Miss Files' traffic safety expert to testify?
2. Did the trial court commit manifest error in its finding of liability?
3. Did the trial court abuse its discretion in awarding damages?

ISSUE # 1: TESTIMONY OF LARRY SPEARS
At trial Mr. Larry Spears, who was accepted by the court as an expert in the field of traffic safety, testified as to the duty of the DOTD to warn motorists of potential hazards. The DOTD contends that the trial court erred in allowing Mr. Spears to testify because the DOTD was unaware that Mr. Spears was going to be called to testify as a witness.
The DOTD propounded interrogatories to Miss Files on June 28, 1983, seeking information as to the identity of any witnesses that she intended to rely on to prove liability. Miss Files responded by stating that neither she nor her attorney knew of any witnesses at that time. Miss Files did not supplement her response as required by La.Civ.Code Proc. art. 1428. Therefore, the DOTD was at a disadvantage in not being apprised of the fact that Mr. Spears was going to testify. See French Jordan, Inc. v. Oilfield Sales and Service, Inc., 439 So.2d 523 (La.App. 1st Cir.1983). We, therefore, find that the trial court erred in allowing Mr. Spears to testify; however, this does not constitute reversible error in this case. Mr. Spears testified that a flagman should have been used and that the presence of the street sweeper and the cloud of dust created a risk of harm to the driving public. This conclusion is readily apparent after an examination of the record, absent the testimony of Mr. Spears.

ISSUE # 2: DID THE TRIAL COURT COMMIT MANIFEST ERROR IN ITS FINDING OF LIABILITY?
It is well settled that a motorist has a high degree of care imposed upon him and must be ever aware of objects which may appear in his lane of traffic. Rayford v. Saia Motor Freight Lines, Inc., 442 So.2d 548 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1242 (La.1984). Furthermore, when a motorist's visibility is impaired because of smoke, mist, dust or other *749 atmospheric conditions, he is held to the duty of operating his vehicle with an unusually high degree of care. Lapeyrouse v. LeCompte, 343 So.2d 1117 (La.App. 1st Cir.1977), writ denied, 345 So.2d 1193 (La. 1977).
After reviewing Miss Files' conflicting testimony, it appears that she first noticed the cloud of dust at a distance of about five to six car lengths from the bridge and never saw the warning lights or directional arrow on the street sweeper. We are of the opinion that Miss Files did not maintain a proper lookout, otherwise she would have seen the dust and the warning lights at a greater distance. Moreover, she did not carry out her duty of operating her vehicle with a high degree of care when it was apparent that her visibility would be greatly impaired by the cloud of dust. Although Miss Files did not assume the risk involved in this case, we find that she was negligent in the operation of her vehicle.
The DOTD owes a duty to the traveling public to erect signs and adequate markings to warn against unusual obstructions, perilous conditions or defects in the road. Vervik v. State, Department of Highways, 302 So.2d 895 (La.1974).
Mr. Bobby Rogers, an equipment operator employed by the DOTD who assisted Mr. Hano during sweeping operations, testified that he had flagged traffic earlier on the day of the accident while they were sweeping in the vicinity of a sharp curve and a hill. There is a "long" curve north of the bridge on U.S. 190 where the accident occurred. We are of the opinion that the combination of the curve, the dust and the bridge created a dangerous condition for motorists and the failure of the DOTD to position a flagman to warn motorists constituted negligence on the part of the DOTD.
A trial court's factual findings are given great weight and may not be disturbed on appeal in the absence of clear or manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). A trier's findings as to percentages of fault under La. Civ. Code Proc. art. 2323 are factual. Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3rd Cir.1984). After a careful review of the record, we find no manifest error on the part of the trial court as to its findings of liability or percentages of fault.

ISSUE # 3: DID THE TRIAL COURT ABUSE ITS DISCRETION IN AWARDING DAMAGES?
Miss Files was examined in the emergency room of the St. Tammany Parish Hospital on May 19, 1982, by Dr. Patrick Hunter. She was admitted and remained in the hospital until May 23, 1982. Dr. Hunter, who was accepted by the court as an expert in the field of general surgery, testified that he treated injuries other than Miss Files' facial injuries. Dr. Hunter testified that Miss Files sustained several lacerations on her arm, one being severe, puncture wounds on her arm and forearm and bruises on other extremities. He stated that Miss Files would have no physical disability, but possibly a cosmetic disability.
Dr. James Bradford, who was accepted by the court as an expert in the field of plastic surgery, treated Miss Files' facial injuries. He testified that Miss Files sustained a number of lacerations to the face including a laceration of the forehead, a complex laceration on the left side of her nose and a lacerated chin and lip. Dr. Bradford further testified that all lacerations had healed by June 13, 1983, and that he performed a revision of some of the scars in order to reduce their visibility. He stated that she would have some residual scarring.
The trial court awarded Miss Files $10,000 in general damages for her injuries subject to a reduction for her percentage of fault. The sufficiency or insufficiency of an award for damages should be determined by the facts and circumstances peculiar to the case. Before an award may be questioned as inadequate or excessive, the reviewing court must look to the individual circumstances of the instant case. This initial inquiry must be directed at whether *750 the award for the particular injuries and their effects upon the particular injured person is a clear abuse of the trier of fact's much discretion. Reck v. Stevens, 373 So.2d 498 (La.1979). Our examination of authorities involving similar instances of such awards and our consideration of the record leads to the conclusion that the trial court's award of $10,000 subject to a reduction for her percentage of fault for her injuries was not an abuse of the much discretion afforded the trial court.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne equally by the defendants, DOTD and its insurer, Traveler's Insurance Company and plaintiff, Tycie Files. The defendant's share of the costs is $495.72.
AFFIRMED.
NOTES
[1] Mr. Hano was not served with citation and petition in this case.