709 So.2d 867 (1998)
Twila TRAWEEK and Jimmy Traweek, Plaintiffs-Appellants,
v.
Andrew JACKSON and State, Department of Transportation and Development, Defendants-Appellees.
No. 30248-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1998.
*868 Albert E. Loomis, III, Jeffrey L. Dement, Monroe, for Plaintiffs-Appellants.
Richard P. Ieyoub, Attorney General, R. Beauregard Bradford, Victoria R. Murry, Assistant Attorneys General, for Defendants-Appellees.
Before HIGHTOWER, BROWN and GASKINS, JJ.
GASKINS, Judge.
The plaintiffs, Twila and Jimmy Traweek[1] appeal from a trial court decision granting a motion for summary judgment in favor of the defendants, Andrew Jackson and the State of Louisiana, through the Department of Transportation and Development. For the following reasons, we affirm the trial court judgment.

FACTS
Twila Traweek, was injured on August 27, 1992, when her vehicle collided with the rear of a street sweeper on Interstate 20 in West Monroe, Louisiana. The accident occurred at approximately 10:30 a.m. on a clear day. The plaintiff contends that she entered the interstate from Stella-Mill Streets and was eastbound on I-20. A car in front of her signaled and changed to the left lane. The plaintiff looked behind her to see if she could change lanes to the left and claims that when she looked back, she was confronted with the street sweeper traveling on the interstate at 3-5 m.p.h. She was not able to change lanes or to stop in time and collided with the rear of the street sweeper. On June 22, 1993, the plaintiff and her husband, Jimmy Traweek, filed suit against the street sweeper operator, Andrew Jackson, and his employer, the State of Louisiana, Department of Transportation and Development (DOTD), for personal injury, property damage and loss of consortium. The plaintiffs claimed that the street sweeper, traveling at 3-5 m.p.h., was proceeding far below the 40 m.p.h. minimum speed limit on the interstate at the point of the collision. The plaintiffs claimed that the DOTD vehicle was not operating in a usual manner and negligently created a hazard due to failure to take steps to adequately warn other motorists of the presence of the slow moving vehicle. The plaintiffs further contend that the DOTD was the sole cause of the accident and that Mrs. Traweek should be found free of fault under the sudden emergency doctrine. They assert that she was confronted with an unanticipated hazard, created by a preceding vehicle, which she could not reasonably avoid.
On February 20, 1997, the defendants filed a motion for summary judgment, asserting that the sole allegation of fault against the DOTD concerned the warning devices, speed and operation of the street sweeper. The defendants filed affidavits to show that the department met or exceeded the applicable safety requirements for operation of the street sweeper. They contend that Mrs. Traweek was exceeding the speed limit and not keeping an adequate lookout and that her negligence was the sole cause of the accident.
The plaintiffs argued that summary judgment should not be granted, asserting that compliance by the DOTD with minimum safety standards formulated by the department *869 itself is not sufficient to show that it discharged its duty to the motoring public. The plaintiffs contend that there are genuine issues of material fact as to the adequacy of the warnings, the speed of the Traweek vehicle and the site of the accident.
The trial court granted summary judgment in favor of the defendants, finding that it was uncontested that the operation of the street sweeper exceeded the minimum safety standards set by the DOTD by using slow moving vehicle signs, flashing lights and an arrow board on top of the sweeper. Therefore, the court found that there was no genuine issue of material fact as to the adequacy of the warnings and that the DOTD discharged its duty to warn the public. The court admitted it had difficulty determining the exact location of the accident, but found that the affidavits established that the accident occurred at or near the crest of a small hill on the interstate, as it becomes elevated. The court found that the speed of the Traweek vehicle was not a material fact and found that the cause of the accident was the inattention of Mrs. Traweek and her failure to maintain a proper lookout. Accordingly, summary judgment in favor of the defendants was signed on March 26, 1997, rejecting the plaintiffs' demands against the DOTD. The plaintiffs appealed.

LEGAL PRINCIPLES
The plaintiffs contend that there are genuine issues of material fact as to the site of the accident and as to whether the DOTD satisfied its duty to adequately warn motorists of the presence of the street sweeper. The plaintiffs also contend that, because Mr. Jackson admits that he was traveling at 3-5 m.p.h., it is apparent that he was not operating his vehicle in the "usual manner." The plaintiffs argue that because genuine issues of material fact exist, the trial court erred in granting summary judgment in favor of the defendants.

Duties of The Plaintiff and The DOTD
Louisiana courts have uniformly held that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. R.S. 32:81 and hence is presumed negligent. Mart v. Hill, 505 So.2d 1120 (La.1987); Ly v. State, Through Department of Public Safety and Corrections, 633 So.2d 197 (La.App. 1st Cir.1993), writ denied 93-3134 (La.2/25/94), 634 So.2d 835. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. The exception to this rule is the sudden emergency doctrine. According to this doctrine, one who finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or the best means to adopt to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method unless the emergency is brought about by his own negligence. Prest v. State Department of Transportation and Development, 490 So.2d 659 (La.App. 2d Cir.1986), writ denied 494 So.2d 328 (La.1986); Stephens v. State, Through the Department of Transportation and Development, 440 So.2d 920 (La. App. 2d Cir.1983), writ denied 443 So.2d 1119 (La.1984). To exculpate himself, the following motorist who collides with a preceding vehicle must show that he kept his vehicle under control, that he closely observed the forward vehicle, that he followed at a safe distance under the circumstances, and that the driver of the lead vehicle created a hazard which the following vehicle could not reasonably avoid. Webb v. Jordan, 540 So.2d 977 (La.App. 2d Cir.1989); Chambers v. Graybiel, 25,840 (La.App.2d Cir. 6/22/94), 639 So.2d 361, writ denied 94-1948 (La.10/28/94), 644 So.2d 377; Ramirez v. Ware, 28,879 (La. App.2d Cir. 9/25/96), 680 So.2d 1302.
La. R.S. 48:35 mandates that the DOTD shall adopt minimum safety standards with respect to highway and bridge design, construction and maintenance. The law imposes upon the DOTD the duty of maintaining public roads in a safe condition so as prevent exposure of the public to unreasonable dangers. This general duty includes in its scope the more specific duty of providing proper safeguards or adequate warnings of dangerous conditions on the highway. The DOTD clearly has a duty to warn motorists *870 of dangers engendered by ongoing road repair. Stephens v. State, Through Department of Transportation and Development, supra.

Summary Judgment
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. Mixon v. Progressive Specialty Co., 29,698 (La.App.2d Cir. 6/18/97), 697 So.2d 662; Rogers v. Price, 29,721 (La.8/20/97), 698 So.2d 723. Summary judgments are reviewed on appeal de novo, under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Bullock v. Homestead Insurance Company, 29,536 (La. App.2d Cir. 6/20/97), 697 So.2d 712, writ denied 97-1936 (La.11/7/97), 703 So.2d 1272.
In Louisiana, the law regarding summary judgment is set forth in La. C.C.P. art. 966. This article was amended by Acts 1996, 1st Ex.Sess., No. 9 § 1 to legislatively overrule the jurisprudential presumption against summary judgment. The amendment "leveled the playing field" between the parties by allowing the supporting documents submitted by the two parties to be scrutinized equally and removing the overriding presumption in favor of trial on the merits. Hayes v. Autin, 96-287 (La.App. 3d Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41; Berzas v. OXY USA, Inc., 29,835 (La.App.2d Cir. 9/24/97), 699 So.2d 1149. A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. 966; Mixon v. Progressive Specialty Co., supra.
Amended again in 1997, La. C.C.P. art. 966[2] now states that if the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, and the nonmoving party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and summary judgment should be granted. Acts 1997, No. 483, § 1; Berzas v. OXY USA, Inc., supra.[3] Further, La. C.C.P. art. 967 provides that when a motion for summary judgment is made and supported as provided above, an adverse party may not rest on his pleadings, but his responses, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate shall be rendered against him.

DISCUSSION
The defendants concede that the DOTD has a duty to maintain the roads and to do so in a manner that will not expose the motoring public to dangers that could be prevented by the use of ordinary and reasonable care. As stated above, state law (La. R.S. 48:35) requires that the DOTD adopt minimum safety standards. The defendants contend that those standards are set forth in the 1990 Revised Edition of the Maintenance Traffic Control Handbook and assert that in this case, those requirements were exceeded. Under the terms of the handbook, street sweeping operation is a "moving operation" because the sweeper travels faster than 2 *871 m.p.h. The minimum safety requirements for a "moving operation" are a work vehicle mounted with a warning sign and a flashing amber light. Flags on the vehicle are optional. A flashing arrow board is also optional if the operation is conducted on a multi-lane road. The handbook also notes that emergency flashers are to be used if the vehicle is so equipped. The handbook notes that if sight obstructions exist along an intended route, a second vehicle is required for traffic control. The rear vehicle is to be equipped with a warning sign and flashing amber light. Flags are optional.
In support of its argument that adequate warnings were provided on this case, the DOTD presented the affidavits of several DOTD employees and excerpts from the Maintenance Traffic Control Handbook. Donald L. Tolar, a district traffic operations engineer with the DOTD, stated in his affidavit that the 1990 Maintenance Traffic Control Handbook was utilized and the requirements of the handbook were exceeded in this case. According to Mr. Tolar, the street sweeper was equipped with a flashing arrow board, two slow moving vehicle emblems and flashing hazard lights below the slow moving vehicle signs.
Dennis G. Scott, safety officer for the DOTD in Monroe, stated in his affidavit that a flashing arrow board was affixed to the top of the street sweeper and that the base of the board was 8½ feet and the top was 11½ feet from the ground. He stated that there were flashing amber strobe lights on each side of the flashing arrow. The street sweeper was also equipped with slow moving vehicle emblems and flashing hazard lights. According to Mr. Scott, the warning devices used on the street sweeper exceeded those required by the handbook.
James W. Caldwell, a DOTD investigator, stated in his affidavit that the street sweeper was 8½ feet tall with an arrow board on top for a total of 11½ feet. He also photographed the street sweeper to show that, even with a large truck behind the street sweeper, Mrs. Traweek in her vehicle would have been able to see the flashing arrow board. The photographs also reflect that the street sweeper is painted a bright orange.
In addition to the affidavits of the DOTD employees, the defendants also submitted the affidavit of Robert C. Hilton, an officer with the Louisiana State Police who investigated this accident. He stated in his affidavit that Mrs. Traweek was ticketed for careless operation of her vehicle. He noted that she was not wearing a seat belt at the time of the accident and was exceeding the posted speed limit.
The driver of the street sweeper, Andrew Jackson, gave a deposition in which he stated that he had driven the sweeper for nine or ten years. At the time of this accident, he was at the top of a hill when he was struck from behind by Mrs. Traweek. He also stated that the flashing lights and the flashing arrow board on the street sweeper were in working order. He denied having had difficulty being seen by following motorists at this location. He stated that the only difficulty he had being seen by motorists was on the I-20 bridge crossing the river.
In opposition to the motion for summary judgment, the plaintiffs argued that the measures taken by the DOTD did not adequately warn the public of the presence of the street sweeper. They contend that there should have been flags or flagmen near the site and that the DOTD should have used flares, signs, or other warning devices. The plaintiffs rely on Files v. State of Louisiana, DOTD, 484 So.2d 746 (La.App. 1st Cir.1986), to support their argument that the DOTD failed to adequately warn motorists of the street sweeping operation. In Files, the plaintiff struck a street sweeper from behind. The street sweeper was on a bridge, in a curve, in a cloud of dust. It was equipped with hazard lights in the rear and a large, flashing directional arrow with amber lights, which were operational at the time of the accident. The accident occurred at 10:45 a.m. on a clear day. The street sweeper was traveling at approximately 3 m.p.h. and the plaintiff was traveling at 50 m.p.h. prior to braking. The trial court found that under the circumstances of that case, the DOTD was partially at fault for not using a flagman to warn motorists of the presence of the street sweeper.
*872 The present case is distinguishable from Files. In that case, the evidence showed that earlier in the day, a flagman had been used while sweeping in the vicinity of a sharp curve and hill. The trial court found that conditions at the site of the accident were such that a dangerous condition was created requiring more warning than was given. The court found that the combination of the curve where this accident occurred, the dust, and the bridge created a dangerous condition for motorists and the failure of the DOTD to position a flagman to warn motorists constituted negligence on the part of the DOTD.
The plaintiffs also contend that there is a dispute as to where the accident occurred. The street sweeper operator, Andrew Jackson, and DOTD employees, Mr. Scott and Mr. Tolar, contend that the accident happened when the street sweeper was on the crest of a hill on I-20. The plaintiffs assert that the street sweeper had already started down the hill, somewhat obscuring Mrs. Traweek's view. The plaintiffs also deny that Mrs. Traweek was exceeding the speed limit at the time of the accident. Based upon their argument that genuine issues of material fact exist as to the adequacy of the DOTD's warnings, the site of the accident, and the speed of the Traweek vehicle, the plaintiffs contend that the trial court erred in granting summary judgment in favor of the DOTD.
We reject the plaintiffs' argument that summary judgment was improperly granted in this case. The DOTD introduced affidavits and depositions to show that, in this case, the minimum safety requirements for the street sweeper operation were not only met, but exceeded. The DOTD showed that the street sweeper in this case was very large, was bright orange and was clearly visible to a following driver, even with another sizeable vehicle directly behind the street sweeper. The DOTD also provided affidavits of several persons who stated that the accident occurred at the crest of a hill.
In response to the defendants' motion for summary judgment, the plaintiffs simply reasserted the argument contained in their pleadings. The plaintiffs claim that the accident occurred after the street sweeper started down the hill and reasserted that flagmen, flares and signs were required to adequately warn motorists of the presence of the street sweeper. The plaintiffs provided no factual support to show that the accident occurred farther down the hill, somewhat obscuring Mrs. Traweek's view, or that other warning measures were required and would have been effective in this case. The plaintiffs argued that their pleadings, along with Andrew Jackson's deposition and the defendants' answers to the interrogatories, established that genuine issues of material fact exist. In their brief, the plaintiffs contend that Andrew Jackson's deposition shows that motorists had difficulty seeing him at this location. On the contrary, Mr. Jackson stated that he had no difficulty being seen by motorists at this location, but had some difficulty on the I-20 bridge over the river.
Because the plaintiffs produced no factual support, as now required by La. C.C.P. art. 966 C(2), to establish that they would be able to satisfy their evidentiary burden of proof at trial, the trial court correctly found that there was no genuine issue of material fact in this case and correctly granted summary judgment in favor of the DOTD. See LeBlanc v. St. Landry Parish Police Jury, 94-501, (La.App. 3d Cir. 12/7/94), 647 So.2d 614; Guidry v. Peoples, 534 So.2d 998 (La.App. 3d Cir.1988).

CONCLUSION
For the reasons stated above, we affirm the trial court ruling granting summary judgment in favor of the defendants, Andrew Jackson and the State of Louisiana, through the Department of Transportation and Development, rejecting the demands of the plaintiffs, Twila and Jimmy Traweek. Costs in this court and in the court below are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] Mr. Traweek is listed in the original petition as "Jamie Traweek" and on the suit record and in subsequent briefs by the plaintiffs' attorneys as "Jimmy Traweek."
[2] La. C.C.P. art. 966 C(2) provides:

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
[3] The amended versions of La. C.C.P. art. 966 are procedural in nature and therefore subject to retroactive application. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La. App.2d Cir. 8/21/96), 679 So.2d 477; Curtis v. Curtis, 28,698 (La.App.2d Cir. 9/25/96), 680 So.2d 1327.