Judge DENNIS R. BAGNERIS, SR.
L Jennifer Kurz filed suit against her uninsured/underinsured motorist carrier, National Automotive Insurance Company (“NAIC”), for injuries she sustained in an automobile accident on September 8, 2006. NAIC filed a motion for summary judgment contending that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law because UM coverage was validly rejected by the insured. The motion for summary judgment was denied on June 17, 2008. NAIC now appeals.
We first note that the denial of a summary judgment is an interlocutory judgment that is not expressly appealable by law. The proper procedural vehicle to contest an interlocutory judgment that is not immediately appealable is an application for supervisory writ. See Ganier v. Inglewood Homes, Inc., 06-0642 p. 2 (La.App. 4 Cir. 11/08/06), 944 So.2d 753, 755. *918 We have, in the past, and in the interest of justice, exercised our supervisory jurisdiction by converting interlocutory appeals into applications for supervisory writs. Considering that |2NAIC timely filed its appeal within the delays allowed for applying for supervisory writs, we will convert the appeal to a writ and consider NAIC’s assignments of error under our supervisory jurisdiction.
FACTUAL AND PROCEDURAL HISTORY
On August 3, 2006, John Young applied to NAIC for insurance through Graham Insurance Services of Gretna. In connection with the insurance application, Mr. Young executed an uninsured/underin-sured motorist bodily injury coverage form rejecting “UM” coverage; however, at the time of rejecting the UM coverage, the line on the form calling for the policy number was left blank.
Following plaintiffs automobile accident, she filed this action against NAIC alleging that it was her uninsured/underinsured motorist carrier. NAIC filed a motion for summary judgment alleging that the UM waiver form was valid despite the fact that it did not contain the policy number. In support of the motion for summary judgment, NAIC submitted: (1) the Commissioner of Insurance bulletin LIRC 98-03, which provided that when a policy number is not available, “the space for the policy number may be left blank or a binder number may be inserted”; (2) the affidavit of Stephen C. Schrempp, President of NAIC, who stated that because the policy number did not exist at the time the uninsured motorist selection/rejection form was signed, it could not have been included in the blank space provided on the uninsured motorist selection/rejection form; (3) a copy of the UM waiver form signed by Mr. Young on August 3, 2006; and (4) a copy of Mr. Young’s automobile insurance policy declarations for the period of August 6, 2006 to February 6, 2007.
After a contradictory hearing, the trial court denied NAIC’s motion for summary judgment, finding the UM waiver form “invalid pursuant to Gray v. 3American Nat. Property & Cas., Co. 2007-1670 (La.2/26/08) 977 So.2d 839 and that uninsured motorist coverage is available equal to the limits of liability coverage under the policy.”
NAIC assigns the following two assignments of error: (1) the trial court erred when it denied its motion for summary judgment, where at the time the UM rejection form was executed the policy number did not exist; and (2) the trial court’s denial of the motion for summary judgment constitutes legal error in light of Carter v. State Farm Mut. Auto. Ins. Co., 2007-1294 (La.10/5/07), 964 So.2d 375.
STANDARD OF REVIEW
Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A fact is material when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Smith v. Our Lady of the Lake Hosp., *919 Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id.
|4The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). Summary judgments are favored, and the summary judgment procedure shall be construed to accomplish those ends. Id. La. C.C.P. art. 966(C)(2) provides that where, as in the instant case, the party moving for summary judgment will not bear the burden of proof at trial, their burden does not require them to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial, there is no genuine issue of material fact, and the movant is entitled to summary judgment as a matter of law.
DISCUSSION
The issue before this Court is the validity and effectiveness of an uninsured motorist waiver form which does not contain the policy number. NAIC argues that the recent decision of the Louisiana Supreme Court in Gray v. American Nat. Property & Gas. Co., 2007-1670 (La.2/26/08), 977 So.2d 839 is distinguishable from the case sub judice and that because no policy number existed at the time of application and execution of the UM rejection form, the uninsured motorist waiver form was properly executed. Plaintiffs counter argument is that the lack of a policy or binder number as well as a policy in effect providing coverage when the UM form was executed invalidates the UM form.
 Under the UM coverage statute, La. R.S. 22:680, “the requirement of UM coverage is an implied amendment to any automobile liability policy, even' when not expressly addressed, as UM coverage will be read into the policy unless validly |r>rejected.” Duncan v. U.S.A.A. Ins. Co., 06-363, p. 4 (La.11/29/06), 950 So.2d 544, 547. The object of UM coverage is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance. Id. UM rejection “shall be made only on a form prescribed by the commissioner of insurance.” La. R.S. 22:680(l)(a)(ii). Specifically, the statute provides, in part:
Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage.
La. R.S. 22:680(1)(a)(ii).
Because the UM coverage statute is to be liberally construed, the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits. Duncan, 06-363 *920 at p. 4-5, 950 So.2d at 547. Thus, a determination of whether NAIC was entitled to summary judgment depends on whether it carried its burden of producing factual support sufficient to establish that it would be able to satisfy its evidentiary burden of proof at trial, i.e., by producing a valid UM coverage form by which the named insured under the policy, Mr. Young, rejected such coverage.
In Duncan, the Louisiana Supreme Court addressed the issue of whether the UM coverage form, prescribed for selection of UM coverage by the commissioner |r,of insurance, must contain the insurance policy number in order for a waiver to be effective. The Supreme Court addressed the six tasks entailed in the commissioner of insurance’s form that they found were pertinent for a valid rejection of UM coverage: 1) initialing the selection or rejection of coverage chosen; 2) if limits lower than the policy limits are chosen, then filling in the amount of coverage selected for each person and each accident; 3) printing the name of the named insured or legal representative; 4) signing the name of the named insured or legal representative; 5) filling in the policy number; and 6) filling in the date. Duncan, 06-363 at p. 11-12, 950 So.2d at 551. The Supreme Court ultimately found that the “failure to fill in the policy number on the form prescribed by the commissioner of insurance invalidates the UM waiver, and consequently, the UM coverage is equal to the liability limits of the policy.” Id., 06-363 at p. 16, 950 So.2d at 554.
However, since Duncan, the Louisiana Supreme Court has concluded that filling in the policy number is not essential to a valid UM coverage waiver where the evidence establishes that no policy number was available at the time of the execution of the UM coverage form. Carter v. State Farm Mut. Auto. Ins. Co., 2007-1294 (La.10/05/07), 964 So.2d 375. Specifically, in Carter, the Louisiana Supreme Court noted “this case is factually distinguishable from Duncan v. USAA Ins. Co., 06-0363 (La.11/29/06), 950 So.2d 544, because the Commissioner of Insurance’s regulations specifically allow omission of the policy number if it does not exist at the time UM waiver form is completed.” The Insurance Commissioner Bulletin LIRC 98-03 specifically provides, “[i]n the case where a policy number is not available, the space for the policy number may be left blank or a binder number |7may be inserted.” Further, in Gray v. American Nat. Property & Cas. Co., 07-1670 at p. 11 n. 2, 977 So.2d at 847 n. 2, the Louisiana Supreme Court stated:
Following Duncan, this court acknowledged in Carter v. State Farm Mutual Automobile Ins. Co., 07-1294 (La.10/5/97) [sic], 964 So.2d 375, that ‘the Commissioner of Insurance’s regulations specifically allow omission of the policy number if it does not exist at the time UM waiver form is completed.’ In fact, Insurance Commissioner Bulletin LIRC 98-03 provides as follows: ‘In the case where a policy number is not available, the space for the policy number may be left blank or a binder number may be inserted.’ The record in this case indicates that the policy number was available when the UM selection form(s) were signed. Therefore, we will continue to refer to the “six tasks” necessary for a valid UM selection form in this case. We note however that a case where the policy number is not available, only five “tasks” would be necessary for a valid UM selection form. (Emphasis added)
Unlike in the Gray decision, where the UM selection form “did not meet the requirements imposed by the Insurance Commissioner,” the UM form in this case *921 followed the regulations provided by the Insurance Commissioner.[1] The only blank on the NAIC UM coverage form was the space for the policy number, which did not exist at the time the UM waiver was executed. Mr. Schrempp’s affidavit establishes that the policy number was not available when Mr. Young signed the UM rejection form. Mr. Schrempp’s affidavit stated that the policy number was later assigned by NAIC after receipt of the application for insurance and written on the application. Thus, NAIC produced factual support sufficient to establish that it would be able to satisfy its evidentiary burden of proof at trial, i.e., that Mr. Young | ^rejected UM coverage by initialing and signing the UM coverage form, indicating he did not want UM coverage.
At that point, the burden shifted to plaintiff to rebut the presumption that Mr. Young knowingly rejected UM coverage. Because plaintiff presented no evidence to counter the valid UM coverage form, we conclude that there are no genuine issues of material fact, and that NAIC is entitled to judgment as a matter of law.
For these reasons, we reverse the judgment of the trial court, which denied NAIC’s motion for summary judgment. We find that the failure to fill in the policy number on the form prescribed by the commissioner of insurance, when no policy number existed at the time, did not invalidate the UM waiver. Because we find no genuine issue of fact regarding whether the form at issue was “properly completed and signed” and because plaintiff presented no evidence to rebut the presumption that Mr. Young rejected UM coverage, we hereby grant NAIC’s motion for summary judgment and find that Mr. Young validly waived UM coverage.
APPEAL CONVERTED TO A WRIT; Judgment REVERSED.
McKAY, J., dissents.

. The parties do not dispute that the UM coverage form signed by Mr. Young was in the form prescribed by the Commissioner of Insurance.