CHARLES R. JONES, Judge.
 

 11 The Appellant, Remy Richard (hereinafter Mr. Richard), appeals a judgment of the district court granting a
 
 Motion for Summary Judgment
 
 in favor of the Appel-lees, Robert Turner (hereinafter Mr. Turner) D/B/A Turner’s Foundation Repair and Bankers Insurance Company (hereinafter Bankers). We affirm.
 

 Mr. Richard hired Mr. Turner to conduct foundation repair on a house owned by Mr. Richard located at 816 Peniston St., New Orleans, Louisiana. Bankers issued an insurance policy which covered liability for the foundation repair. The insurance policy covered any negligent acts or omissions. On July 15, 2004, a crew removed
 
 *524
 
 wall studs from the right side of the residence by knocking them with 2" X 4" boards (there is some dispute as to whether members of Mr. Turner’s staff or some other contractors actually knocked out the wall studs). During the course of the foundation work, Mr. Turner removed a chain that ran diagonally from the top
 
 of
 
 an exterior wall to the sill at the bottom of the opposing exterior wall. Shortly thereafter, the house collapsed. Subsequently, Mr. Richard filed suit against Mr. Turner and Bankers on June 16, 2005.
 

 |2In June 2008, Bankers filed a
 
 Motion for Summary Judgment.
 
 A hearing on the motion was originally set for July 11, 2008. The hearing was postponed until July 25, 2008. Just prior to the July 25, 2008 hearing date, Mr. Richard’s counsel, Mr. Anthony J. Livacari, Jr. (hereinafter Mr. Livacari), filed a
 
 Motion to Reset
 
 the hearing for September 12, 2008, to allow for more time to file an opposition. On September 11, 2008, at 4:18 pm, Mr. Liva-eari faxed to Judge Giarruso’s chambers and to opposing counsel a
 
 Joint Motion and Order to Withdraw and Enter as Counsel of Record
 
 and an
 
 Opposition to Motion for Summary Judgment.
 

 [1]
 

 At the September 12th hearing, Mr. Alexander Dobrescu (hereinafter Mr. Do-brescu) appeared on behalf of Mr. Richard. Mr. Dobrescu filed a
 
 Motion and Order to Continue and Reset Hearing on
 
 the
 
 Motion for Summary Judgment.
 
 In his motion, Mr. Dobrescu indicated that he had been recently retained as counsel and had not had the opportunity to prepare an opposition. Mr. Dobrescu also requested a continuance so that he could obtain information in opposition to the
 
 Motion for Summary Judgment.
 
 The court granted the continuance and reset the hearing for October 17, 2008.
 

 In preparation for the October hearing, the district court found that the record provided by the Orleans Parish Clerk of the Civil District Court did not include a copy of the
 
 Opposition to the Motion for Summary Judgment.
 
 However, the opposition had been entered into the clerk of court’s website on September 12, 2008. As a result, the district court judge’s staff contacted Mr. Dobrescu on October 16, 2008, and requested that a copy of the opposition be faxed to the judge’s chambers. In response to the district court’s request, Mr. Dobrescu faxed a |scopy of Mr. Richard’s opposition on the same day. Mr. Dobrescu also faxed a
 
 Motion and Order for Leave to File Exhibits
 
 in support of the original opposition. The district court received the fax at 7:29 pm. The court’s day concluded at 4:00 pm. On October 17, 2008, Mr. Richard’s opposition was found by the district court to not have been timely filed. The court also denied Mr. Richard’s
 
 Motion for Leave to File Exhibits
 
 in support of his opposition.
 

 Moreover, pursuant to Rule 9.9(d), because the court ruled that Mr. Richard’s filing was untimely, the court also ruled that he forfeited his privilege of oral argument. As a result, the court concluded that without the opposition and oral argument, there was no genuine issue of material fact in dispute to preclude Bankers’
 
 Motion for Summary Judgment.
 
 Mr. Richard subsequently filed a
 
 Motion for a New Trial
 
 which was denied by the district court. Thereafter Mr. Richard filed this timely appeal.
 

 Mr. Richard raises four (4) assignments of error on appeal:
 

 
 *525
 
 1. The district court erred in its application of Louisiana Code of Civil Procedure Article 966(B).
 

 2. The district court erred in its application of Louisiana Rules for Civil Proceedings in District Court Rule 9.9(b).
 

 3. The district court erred in its application of Louisiana Rules of Civil Proceedings in District Court Rule 9.9(d).
 

 4. The district court erred as a matter of law in not considering Mr. Richard’s opposition thereby |4depriving Mr. Richard of his right to due process of opposing summary judgment.
 

 The standard of review on a
 
 Motion for Summary Judgment
 
 is
 
 de novo. Kurz v. Milano,
 
 2008-1090, p. 3 (La.App. 4 Cir. 2/18/09), 6 So.3d 916, 918.
 

 In his first, second, and third assignments of error, Mr. Richard argues that the district court erred in its application of Louisiana Code of Civil Procedure Article 966(B), in granting the
 
 Motion for Summary Judgment,
 
 and in the court’s application of Louisiana Rules of Civil Proceedings in District Court Rules 9.9(b) and 9.9(d) respectively.
 

 Article 966(B) states in pertinent part:
 

 ... The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support of the motion shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary ...
 

 Thus, pursuant to Article 966(B) Mr. Richard was required to submit his opposition to the motion at least eight (8) days prior to the hearing date. Mr. Richard asserts that the opposition that he filed with the Clerk of Court on September 12, 2008, was sufficient and timely because it was filed more than 8 days prior to the hearing on the motion. Mr. Richard originally filed his opposition for the September 12, 2008 hearing date. He acknowledges that the opposition would not have been considered timely because it was submitted on the same day as the hearing. However, Mr. Richard asserts that as a result of Hurricane Gustav, all deadlines in legal matters between the dates of August 27, 2008 and September |sll, 2008 were suspended until September 12, 2008 by the Governor’s Executive Order Number BJ 08-92.
 

 The Governor’s Executive Order Number BJ 08-92 stated in pertinent part:
 

 ... [A]ll deadlines in legal, administrative, and regulatory proceedings, including prescriptive and preemptive periods in all courts, administrative agencies, and boards are hereby suspended until Friday, September 12, 2008 ...
 

 Mr. Richard also asserts that because the hearing on the motion was eventually reset for October 17, 2008, the opposition that he filed on September 12, 2008 was timely. Accordingly, Mr. Richard asserts that he fully complied with the requirements of Article 966(B), which required Mr. Richard’s opposition to be filed with the Clerk of Court at least by October 9, 2008 (eight days prior to the October 17, 2008 hearing date).
 

 Our review of the record indicates that Mr. Richard’s opposition was filed on September 12, 2008, and its submission was recorded on the Clerk of Court’s website on that same date. Moreover, the hearing was reset for October 17, 2008.
 

 Rule 9.9(b) states in pertinent part:
 

 A party who opposes an exception or motion must concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least
 
 *526
 
 eight calendar days before the scheduled hearing. The opposition memorandum must be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.”
 

 In essence, Rule 9.9(b) required Mr. Richard to furnish a copy of his opposition to both opposing counsel and the district court judge at least eight days prior to the October 17, 2008 hearing date. Mr. Richard alleges that he complied with the rule because he faxed the opposition to Judge Giarrusso’s chambers on September 11, 2008, and hand delivered a date stamped copy to the judge’s | (ichambers on September 12, 2008. Mr. Richard also notes with respect to the hearing date on October 17, 2008, he only faxed a copy of the opposition to the judge’s chambers because the judge’s staff called and informed him that they did not have a copy of his opposition. Mr. Richard alleges that the copy of the opposition faxed on October 16, 2008, was not an attempt to comply with Rule 9.9(b) and should not have been viewed as such. We find that the opposition to the
 
 Motion for Summary Judgment
 
 was timely filed.
 

 In his fourth assignment of error, Mr. Richard asserts that the district court erred in not considering his opposition and thereby deprived him of his right to due process. Mr. Richard alleges that the court concluded that there was no genuine issue of material fact solely because it did not consider the opposition to be timely filed. We find that the opposition to the motion was timely; however, the opposition itself was inadequate because it failed to raise any genuine issues of material fact sufficient to preclude the granting of a
 
 Motion for Summary Judgment
 
 in favor of Bankers. Mr. Richard’s opposition merely included a request for a continuance to obtain more information to present genuine issues of material fact, and factual allegations with no supporting affidavits. No subsequent opposition was ever filed. Therefore, we find that the district court did not err in its granting of the Motion for Summary Judgment.
 

 DECREE
 

 For the foregoing reasons, the judgment of the district court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The filing was made September 11, 2008 however the motions were stamp filed on September 12, 2008.