| MELISSA TIBLIER | * | NO. 2019-CA-0816 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| GORDON BOUDAUIN, STATE | * | |
| OF LOUISIANA, | | FOURTH CIRCUIT |
| DEPARTMENT OF | * | |
| TRANSPORTATION AND | | STATE OF LOUISIANA |
| DEVELOPMENT AND CITY | * * * * * * * | |
| OF NEW ORLEANS | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-00937, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)

George B. Recile
CHEHARDY SHERMAN WILLIAMS MURRAY RECILE STAKELUM & HAYES, LLP
One Galleria Blvd., Suite 1100
Metairie, LA 70001

      COUNSEL FOR PLAINTIFF/APPELLANT

D. Russell Holwadel
Heather England Reznik
ADAMS HOEFER HOLWADEL, LLC
400 Poydras Street, Suite 2450
New Orleans, LA 70130

      COUNSEL FOR DEFENDANTS/APPELLEES

                    AFFIRMED

           **MARCH 4, 2020**

The Appellant, Melissa Tiblier, seeks review of the June 27, 2019 judgment of the district court, granting a motion for summary judgment in favor of the Appellees, Gordon Boudauin and the State of Louisiana through the Department of Transportation and Development (DOTD).  Pursuant to our *de novo* review, we affirm the judgment of the district court, finding no genuine issue of material fact exists as to whether the Appellees satisfied the statutory standard of care under La. Rev. Stat. 48:35.

## Facts

This appeal involves a May 2, 2014 rear-end collision on I-10 West in New Orleans, involving Ms. Tiblier and DOTD employee, Mr. Boudauin.  Driving in the right lane on I-10 West, Ms. Tiblier crossed the Carrollton/Tulane Avenue overpass as she approached a triangular shaped shoulder area between the right lane and the Airline Highway entrance-ramp, known as a gore zone.   Within the gore zone, Mr. Boudauin was operating a large orange-colored street sweeper ("the Sweeper"), performing regularly scheduled interstate sweeping operations.

Ms. Tiblier avers that as she was driving in the right lane, a phantom vehicle in the middle lane swerved to the right and into her lane of travel.  Reacting to the

alleged phantom vehicle and without first looking, Ms. Tiblier swerved into the gore zone and rear-ended the Sweeper. She testified that she did not first look to her right prior to maneuvering into the gore zone. It is contested between the parties as to whether the Sweeper was stationary at the time of the collision. The New Orleans Police Department ("NOPD") responded to the scene and a police report was later authored by the investigating officer, Officer Khalid Watson.

In 2015, Ms. Tiblier filed suit against the Appellees as well as the City of New Orleans, raising negligence claims and seeking damages for the injuries she sustained. The Appellees subsequently filed a Motion for Summary Judgment asserting: they met the duty of care under La. Rev. Stat. 48:35; Ms. Tiblier and the phantom vehicle are at fault for the rear-end collision; and Ms. Tiblier was unable to rebut the presumption that as the "following motorist" she is at fault. The Appellees supported their motion with the affidavits of Mr. Boudauin and Earl Leidinger, a DOTD maintenance foreman. Additionally, the Appellees attached the medical records of Ms. Tiblier, including the Interim LSU Public Hospital and those of her psychiatrist James G. Barbee, documenting her admission of using heroin prior to the accident.

Ms. Tiblier opposed the motion for summary judgment, asserting that Off. Watson's deposition testimony established the Sweeper in a stationary position at the time of the accident, which created a hazard and was non-compliant with statutory standards.

Following a February 2019 hearing, the district court issued a final judgment on June 27, 2019, granting the Appellees' motion and dismissing Ms. Tiblier's claims against the Appellees with prejudice.[1] This timely appeal followed.

Ms. Tiblier's sole assignment of error is the district court erred in finding that the record does not contain evidence establishing that a genuine issue of material fact exists as to whether Mr. Boudauin was stationary at the time of the collision. Upon our review of the record and the applicable law, we find no such genuine issue of material fact exists because Ms. Tiblier failed to produce competent summary judgment evidence.

---

[1] The district court provided its Reasons for Judgment on the record at the February 22, 2019 hearing:

> Plaintiff argues that the [sic] genuine issue of material fact precluding summary judgment exists as to whether the street sweeper was actually moving at the time of the accident. Plaintiff's contention is that Mr. Boudauin was not driving the vehicle in accordance with the maintenance traffic control handbook, and this caused a dangerous condition. In it's [sic] support of this position, Plaintiff attaches an exhibit, a portion of the deposition of Officer Khalid Watson in which Officer Watson is being asked about his recollection based off of his police report. For starters, Article 803(8) (B)(1) provides that "investigative reports by police and other law enforcement personnel are excluded from the public records and exception to the hearsay rule." *Knighter v. Fantana*. Moreover, even in it's [sic] attempt to refresh the officer's memory proved futile, because he simply could not recall how he ascertained the information contained in the report that contradict [sic] Mr. Boudauin's testimony that he was driving the street sweeper at the time of the accident. Responding to multiple questions with "I can't recall." [sic] This coupled with other facts and circumstances such as Mr. Boudauin's testimony [;] The testimony of his supervisor . . . and the report of Dr. James G. Barbie, MD [sic]. Even viewing the facts in the light most favorable to the plaintiff, it does not appear that the Court – to the Court, that any genuine issues of material fact exists. For the foregoing reasons defendant's [sic] motion for summary judgment is hereby granted.

## Standard of Review

Appellate courts apply a *de novo* standard of review on motions for summary judgment, utilizing the same criteria applied by trial courts to determine whether summary judgment is appropriate. *Richard v. Turner*, 09-0161, p. 4 (La. App. 4 Cir. 7/1/09), 16 So. 3d 523, 525.   Pursuant to La. Code Civ. Proc. art. 966(A)(3),   "[a] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."   In support of or in opposition to a motion for summary judgment, only the following documents may be filed: pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. Code Civ. Proc. art. 966 (A)(4).

Further, the burden of proof is on the mover. La. Code Civ. Proc. art. 966(D)(1). However, "if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden" is "to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id*.  The burden then shifts to the adverse party "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

## Discussion

As previously stated, Ms. Tiblier's principal argument is a genuine issue of material fact exists as to whether the Sweeper was stationary in the gore zone at the time of the collision. She further maintains that because Mr. Boudauin was stopped in the gore zone there is an issue of whether his operation of the Sweeper complied

with statutory standards set forth in La. Rev. Stat. 48:35. As support for her opposition to the Appellees' motion for summary judgment, Ms. Tiblier exclusively relies upon the testimony of Off. Watson. Her sole reliance on his testimony is fatal to her opposition of the Appellees' motion for summary judgment.

In examining a motion for summary judgment involving a rear-end collision with a DOTD vehicle, we first set forth the applicable Louisiana jurisprudence. Following motorists in rear-end collisions are presumed to have breached the statutory standard of care; thus, they are presumed negligent. *Phipps v. Allstate Ins. Co.*, 05-651, pp. 4-5 (La.App. 5 Cir. 2/27/06), 924 So.2d 1081, 1084. The standard of care is set forth in La. Rev. Stat. 32:81(A), which states in pertinent part:

> A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

However, there is an exception to this rule: the sudden emergency doctrine. The sudden emergency doctrine provides that a driver, finding him or herself in a position of imminent peril and with insufficient time to consider and weigh all the circumstances or the best means to adopt to avoid an impending danger, is not guilty of negligence—if the driver fails to adopt what subsequently and upon reflection may appear to be the better method— unless the emergency is brought about by his or her own negligence. *Traweek v. Jackson*, 30,248, p. 3 (La. App. 2 Cir. 2/25/98), 709 So. 2d 867, 869 (citing *Prest v. State Dept. of Trans. and Dev.*, 490 So.2d. 659 (La. App. 2d Cir. 1986); *Stephens v. State, Through the Dept. of Trans. and Dev.*, 440 So.2d 920 (La. App. 2d Cir. 1983).

5

Under the sudden emergency doctrine, the following motorist bears the burden of establishing: he or she kept the vehicle under control; closely observed the forward vehicle; and followed at a safe distance under the circumstances. *Watson v. Smith*, 17-0913 (La. App. 4 Cir. 5/16/18), 247 So. 3d 811, 816-17 (citing *Daigle v. Mumphrey*, 96-1891, p. 3 (La. App. 4 Cir. 3/12/97), 691 So. 2d 260, 262. "The following motorist may also avoid liability by proving that the driver of the lead vehicle negligently created a hazard which he could not reasonably avoid." *Daigle,* 96-1891, p. 3, 691 So. 2d at 262 [citations omitted].

We consider the foregoing jurisprudence with the DOTD's obligation to motorists, set forth in La. Rev. Stat. 48:35 (A), requiring the DOTD to adopt minimum safety standards with respect to highway and bridge design, construction and maintenance:

> The Department of Transportation and Development shall adopt minimum safety guidelines with respect to highway and bridge design, construction, and maintenance. These guidelines shall correlate with and, so far as possible, conform to the system then current as approved by the American Association of State Highway and Transportation Officials allowing the flexibilities incorporated therein. Hereafter, the state highway system shall conform to such safety guidelines.

The DOTD's duty under La. Rev. Stat. 48:35 is to maintain public roads in a safe condition so as to prevent exposure of the public to unreasonable dangers, including providing proper safeguards or adequate warnings of dangerous conditions on the highway. *Traweek,* 30,248, p. 4, 709 So. 2d at 869. In the instant matter, the minimum safety guidelines established by the DOTD are set forth in the "Maintenance Traffic Control Handbook," ("the Handbook").

6

In light of the applicable laws, we review the affidavits of Mr. Boudauin and Mr. Leidinger filed in support of the Motion for Summary Judgment. Mr. Boudauin attested to the following facts in his affidavit:

- Being a 14-year DOTD employee that has operated the DOTD Sweeper for six years and currently being employed as a "mobile equipment operator 1/heavy";

- Being fully trained and qualified to operate the Sweeper;

- Operating the large, orange-colored Sweeper completely within the gore area at the time of the collision, while driving west at a speed of seven miles per hour. Contrary to facts contained in the NOPD police report, he swore the Sweeper was not stationary at the time of the collision;

- Having no recollection of speaking to the investigating officer nor of informing him that the Sweeper was stationary in the gore zone;

- Operating the Sweeper on the date of the accident in accordance with standard procedure at the time of the accident;

- Being rear-ended by Ms. Tiblier, which caused the Sweeper to move forward at a distance exceeding 15 feet;

- Operating a Sweeper at the time of the accident that was equipped with prominent warning features such as a large arrow board, and flashing lights, both of which were in operation at the time of the collision; and,

- Engaging the Sweeper in a routine shoulder sweeping operation on Interstate 10 at the time of the accident. It is a part of his regular work routine, every other Friday, to sweep the same portion of the interstate where the accident occurred.

Corroborating the above-listed facts attested to by Mr. Boudauin, Mr. Leidinger, a 27-year DOTD employee, attested to similar facts and expounded upon the DOTD procedures applicable to the operation of Sweepers. He attested to

7

having personal knowledge of the accident, having arrived at the scene 15 minutes after it occurred. He explained that he observed the clear weather conditions of the day and took several pictures of the site, which reflected the damage sustained by the two vehicles involved as well as their respective positions following the accident. Specifically, Mr. Leidinger confirmed observing damage to the rear of the large orange Sweeper that was equipped with flashing strobe lights and a large arrow board as well as the extensive damage to the front of Ms. Tiblier's vehicle.

Additionally, Mr. Leidinger swore to being intimately familiar with the operations of the Sweepers and the manner they are to be used pursuant to the Handbook, a jointly sponsored publication of the DOTD and Louisiana State University. The DOTD, he stated, utilizes the Handbook as a guideline for conducting various operations, including street sweeping operations. Attaching the portions of the Handbook applicable to the accident at issue, i.e. guidelines and diagrams pertaining to "Mobile operations" and "Sweeping with a self-propelled sweeper", Mr. Leidinger explained that mobile operations involve large, orange-painted, slow-moving vehicles, like the Sweeper Mr. Boudauin was operating, in the shoulder area adjacent to the interstate and in gore zones. Moreover, a Sweeper, when used without other vehicles, must use an arrow board and be mounted with flashing warning lights. He swore to the fact that the Sweeper operated by Mr. Boudauin was so equipped and was fitted with emergency flashers. He further attested to the fact that under the Handbook the use of other DOTD vehicles with the Sweeper was not mandatory. Ultimately, he concluded that Mr. Boudauin performed his duties in accordance with standard street sweeping procedure based upon his experience, observations of the accident scene and knowledge of the performance of street sweeping operations.

In contrast to the independent recollection of Mr. Leidinger, Off. Watson made it clear at the beginning of his deposition testimony that he did not recall the accident. He specifically stated that he did not have a recollection of the "names, the vehicles, and location" of the accident. He testified that he did not have an independent recollection of the facts documented in his report, and no recollection of the persons who provided the information he documented. He further testified that he had no recollection of speaking with Mr. Boudauin, although he noted in his report that Mr. Boudauin was stationary at the time of the accident.

Off. Watson's lack of an independent recollection of the facts contained in the police report evidences his inability to authenticate the report he authored. An unauthenticated police report cannot be used to create a genuine issue of material fact. *Estate of Loveless ex rel Loveless v. Gay*, 41,575, p. 4 (La. App. 2 Cir. 12/13/06), 945 So. 2d 233, 236.[2] Thus, Ms. Tiblier fails to offer competent factual support for her assertion that the Sweeper was stationary nor for her argument that the Appellees failed to comply with the statutory requirements of La. Rev. Stat. 48:35.

Moreover, the Appellees point to the applicability of *Traweek* in this matter. In *Traweek*, the Plaintiff driver brought negligence action against the DOTD and a DOTD Sweeper driver, arising from injuries she sustained when her vehicle rear-ended a Sweeper on the interstate. After merging onto the interstate, the Plaintiff

---

[2] "A police report does not comply with La. C.C.P. art. 967 requiring that supporting and opposing affidavits shall be made on personal knowledge." *Id.* citing *Charlot v. Alabama Great Southern Railroad Company*, 98-0895 (La.App. 4th Cir.6/24/98), 716 So.2d 906. The Second Circuit further held that the district court properly struck a police report from consideration on summary judgment due to the plaintiff's failure to "provide an affidavit or deposition testimony of the police officer who authored the report or other witnesses, in support of their opposition to the motion for summary judgment." *Id.* See also, *Lewis v. Jabbar*, 08-1051, p. 6 (La. App. 1 Cir. 1/12/09), 5 So. 3d 250, 255. A police report also constitutes inadmissible hearsay. La. Code Evid. arts. 801-803.

followed behind an unknown driver in her lane of travel, who subsequently signaled as she or he switched to the left lane. The Plaintiff also attempted to merge to the left, but was unable to do so and ultimately struck the rear of a Sweeper engaged in a slow-moving mobile operation at the time. *Traweek*, 30,248, p. 1, 709 So.2d at 868. The Plaintiff alleged the DOTD created a hazard by inadequately warning motorists of the presence of the slow-moving Sweeper; consequently, she maintained she was free from fault under the sudden emergency doctrine. *Id.*

The DOTD and driver of the Sweeper moved for summary judgment asserting that the sweeping operation met and exceeded the DOTD guidelines in effect. *Id.*, 30,248, p. 2, 709 So.2d at 868. Attaching several affidavits and depositions to establish that minimum safety requirements were satisfied, the DOTD showed the immense size and bright color of the Sweeper made it clearly visible to a following driver, even if the following driver's view was partially obscured by another sizeable vehicle. The DOTD averred that the Plaintiff exceeded the speed limit at the time of the accident and failed to keep an adequate lookout; therefore, her negligence caused the accident. The Plaintiff solely relied upon her pleadings to contest the motion for summary judgment. Finding that the Plaintiff failed to provide factual support for her arguments, the Second Circuit upheld the district court's grant of the motion for summary judgment, reasoning the Plaintiff would be unable to satisfy her evidentiary burden of proof at trial. La. Code Civ. Proc. art. 966 (C)(2). *Id.*, 30, 248, pp. 9-10, 709 So.2d at 872.

While factually distinguishable, *Traweek* is instructive in showing that DOTD mobile interstate operations involving one Sweeper are compliant with La. Rev. Stat. 48:35 where DOTD guidelines are followed and do not create a hazard

10

to following motorists. *Traweek's* holding further demonstrates that on a motion for summary judgment, the party bearing the burden of proof at trial cannot rest on "[m]ere conclusory allegations, improbable inferences and unsupported speculation" to establish the existence of a genuine issue of material fact. *Sears v. Home Depot, USA, Inc.*, 06-0201, p. 12 (La. App. 4 Cir. 10/18/06), 943 So. 2d 1219, 1228. Ultimately, in the matter *sub judice*, Ms. Tiblier could not establish the existence of a genuine issue of material fact as to Mr. Boudauin's mobility nor could she prove that the Appellees' operation of the Sweeper created a hazard to her as a following driver, in violation of La. Rev. Stat. 48:35. Therefore, we affirm the district court's grant of the motion for summary judgment of the Appellees.

## DECREE

For the foregoing reasons, we affirm the June 27, 2019 judgment of the district court, granting the motion for summary judgment of Gordon Boudauin and the State of Louisiana through the Department of Transportation and Development against Melissa Tiblier.

**AFFIRMED**